370 So.2d 78 (1979)
Ralph J. HODGES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1763.
District Court of Appeal of Florida, Second District.
April 25, 1979.
*79 Jack O. Johnson, Public Defender, Bartow, and Karal B. Rushing, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant Ralph J. Hodges appeals from an order revoking his probation, contending that the revocation was improper. His argument has merit.
Appellant's probation supervisor filed an affidavit in which he alleged that appellant had violated the terms of probation by committing child abuse and aggravated battery on three children. At the revocation hearing, however, the state produced no evidence connecting appellant to the child abuse and aggravated battery. Rather it presented evidence to demonstrate that appellant was guilty of battery of a law enforcement officer upon three members of the Tampa Police Department, and the court revoked probation on that basis. This was error since a court may not revoke probation for a violation not alleged in the charging affidavit. E.g., Mack v. State, 342 So.2d 562 (Fla.2d DCA 1977). Accordingly, we reverse and remand the case with directions that the trial court reinstate appellant's probation.[1]
GRIMES, C.J., and RYDER and DANAHY, JJ., concur.
NOTES
[1] The state will, of course, be free to seek the revocation of appellant's probation for battery of the police officers.