SCHEB, Judge.
Appellant, Roy Sparkman, challenges a judgment and sentence finding him guilty of violating his probation. We affirm.
Appellant was originally charged with three counts of burglary of a conveyance, two counts of grand theft, and one count of petit theft. He pled nolo contendere to all charges. On October 27, 1982, the trial court adjudged him guilty on all counts and placed him on probation for three years.
*1116 On the basis of an affidavit of his probation officer, warrants were issued charging Sparkman with ten violations of six conditions of his probation. On May 26, 1983, the trial court found Sparkman guilty of violating condition nine by failing to make restitution payments; and condition five by consuming alcohol on a beach in violation of a city ordinance and committing a battery. After revoking Sparkman’s probation, the court sentenced him to five years in prison on each count of burglary of a conveyance to be served consecutively and five years in prison on each count of grand theft to be served concurrently with two of the burglary counts. The court dismissed the petit theft charge.
Contrary to its oral pronouncement, the court’s written order revoking probation listed all probation violation charges as proved. In addition, this order, as well as the written judgment and sentence, erroneously provided that one of the concurrent sentences for grand theft was to be served consecutively to the sentence on one of the burglary counts. The trial court’s written orders of probation revocation and judgment and sentence must be corrected to conform to its oral pronouncement. Jackson v. State, 445 So.2d 407 (Fla. 2d DCA 1984); Langston v. State, 371 So.2d 202 (Fla. 2d DCA 1979).
Since substantial competent evidence exists to support the trial court’s findings that Sparkman failed to make restitution payments, consumed alcohol on a beach in violation of a city ordinance, and committed a battery, we affirm the order revoking defendant’s probation as modified.
We find no merit in Sparkman’s other contentions.
Accordingly, we remand this cause to the trial court to conform the written order revoking probation and the judgment and sentence to the oral pronouncement of the court. We affirm the judgment and sentence in all other respects.
GRIMES, A.C.J., and CAMPBELL, J., concur.