450 So.2d 1283 (1984)
Lee Grant BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1257.
District Court of Appeal of Florida, Second District.
June 20, 1984.
*1284 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James Dysart, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant, Lee Grant Butler, challenges the judgment and sentence finding him guilty of violating his probation. We affirm and remand.
On November 23, 1981, appellant was charged with one count of grand theft. He pled guilty to the charge. On August 9, 1982, the trial court adjudicated him guilty and placed him on probation for three years. Among other conditions of probation, appellant was ordered to:
(1) Not later than the fifth day of each month, you will make a full and truthful report to your Probation Officer on the form provided for that purpose.
(2) You will pay the State of Florida the amount of Ten Dollars ($10) per month toward the cost of your supervision unless otherwise waived in compliance with Florida Statutes.
(3) You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Officer.
(4) You will neither possess, carry or own any weapons or firearm without first securing the consent of your Probation Officer.
(5) You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
(7) You will work diligently at a lawful occupation and support any dependents to the best of your ability, as directed by your Probation Officer.
(8) You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you.
On October 15, 1982, an affidavit was filed alleging that appellant had violated his probation. A supplemental affidavit followed. It was alleged in these affidavits that appellant violated the following conditions of his probation: (1) failing to submit monthly reports; (3) changing residence without permission; (5) driving while intoxicated and with a suspended license; being charged with aggravated battery upon Angela Whitest; being charged with aggravated battery and obstruction by false information (for which he was later tried in circuit court case No. CF82-3651); and (8) failing to report to his probation officer after having been so directed.
On April 26, 1983, at the revocation hearing the trial court indicated that Butler was guilty of violating conditions (5) and (6) of his probation by the obstruction by false information "by his own admission" and by drinking at an unlicensed liquor house. *1285 The court orally pronounced that Butler's probation was being revoked on the basis of the violation of condition (5), to wit, obstruction by giving false information. However, the written order of revocation probation indicates that appellant violated the conditions of his probation by (1) failing to submit monthly reports; (3) changing residences without permission; (5) living at liberty without violating any law in that petitioner was arrested on 10/1/82 and charged with DWI and driving with a suspended license; and (8) failing to report to his probation officer after being so directed. After revoking Butler's probation, the court sentenced him to four years imprisonment with credit for time served.
Appellant's counsel, concluding that there was no meritorious argument to support the contention that the trial court committed reversible error, filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, within the brief, appellant's counsel points out that certain technical errors, none of which affect the outcome of this case, appear in the trial court's written order revoking appellant's probation. We agree.
First, the record indicates that no evidence of the violation stated in the written order revoking appellant's probation was presented at the hearing; rather, it appears that the court relied on appellant's testimony and other evidence concerning unlawful drinking and obstruction by false information presented at appellant's trial in circuit court case No. CF82-3651. Thus, we remand this cause to the trial court to correct the written order by omitting these violations as the basis of appellant's revocation of probation. See Geri v. State, 415 So.2d 782 (Fla. 1st DCA 1982).
Second, the trial court's oral pronouncement at the revocation of probation hearing that appellant's unlawful drinking at an unlicensed liquor house, which was in part the basis of appellant's probation revocation, was error. The court cannot revoke probation for conduct not charged in the affidavit of probation violation. Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979).
Finally, although not raised by appellant's counsel, the trial court's written order of revocation of probation does not conform to its oral pronouncement finding appellant guilty of violating his probation by obstructing justice by giving false information. Thus, on remand, the trial court is also directed to correct the written order to conform to this oral pronouncement. Sparkman v. State, 445 So.2d 1115 (Fla. 2d DCA 1984).
Accordingly, we remand the cause to the trial court to correct the written order of probation revocation consistent with this opinion. We affirm the judgment and sentence in all other respects.
AFFIRMED and REMANDED.
OTT, C.J., and DANAHY, J., concur.