PER CURIAM.
Danny Nadal appeals an order revoking his probation. We conclude that the order cannot be sustained on the present record and reverse it. This is, however, without prejudice to further proceedings in the trial court.
The evidence at the hearing showed that the defendant had been in possession of a firearm. It is evident that the trial court revoked his probation on the theory that as a convicted felon, it was illegal for the defendant to possess a firearm. See § 790.23, Florida Statutes (2002).
However, the affidavit of violation of probation did not make this charge. The affidavit charged that the defendant had committed the offense of grand theft of a firearm. At the revocation hearing, there was no evidence that the defendant stole the firearm, only that he possessed it. We therefore must reverse the finding that the defendant committed the offense of grand theft of a firearm. See Butler v. State, 450 So.2d 1283, 1285 (Fla. 2d DCA 1984); *258 Hodges v. State, 370 So.2d 78, 79 (Fla. 2d DCA 1979); Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977).
We do not fault the trial court for this because neither party called this issue to the attention of the trial judge. It is, however, fundamental error to convict on a crime not charged. See Braggs v. State, 789 So.2d 1151, 1154 (Fla. 3d DCA 2001). On remand the State is free to seek revocation of the defendant’s probation on the correct charge. Hodges, 370 So.2d at 79 n. 1.
The State seeks to defend the revocation order on an alternative ground: that the written order found the defendant guilty of failure to timely report to the probation officer on one occasion. On this count, however, the trial court’s oral pronouncement was that the court would not revoke the probation for this violation. Thus, the written order does not conform to the oral pronouncement.
The State relies on another alternative ground: a ruling in the written revocation order that the defendant had failed to pay the costs of supervision. The transcript indicates, however, that the trial court never reached this issue, having determined to revoke the probation on the basis of the firearm charge. Further, there was no oral testimony on this issue and the written documentation introduced into evidence, on which the State relies, cannot be located by the clerk of the court. We thus reverse this part of the order, but without prejudice to the State to renew this charge at a new revocation hearing and present evidence on it.
For the stated reasons, the revocation order is reversed and the cause remanded for further proceedings consistent herewith.