393 So.2d 53 (1981)
James William SILLETT, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1449.
District Court of Appeal of Florida, Second District.
January 30, 1981.
*54 Jack O. Johnson, Public Defender, and Richard N. Staten, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and G.P. Waldbart, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant's probation was revoked because he changed his address without the consent of his probation supervisor, and also because he failed to pay his fine and failed to submit monthly reports. There was no evidence adduced that appellant had the ability to pay the fine; therefore, the finding of this violation must be stricken from the order. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). The only evidence offered concerning appellant's failure to obtain consent prior to changing his address was hearsay. Accordingly, this violation must also be stricken from the order. Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976). However, there was competent evidence to support the finding of the trial court that appellant failed to submit monthly reports. The record makes clear that the lower court was prepared to revoke appellant's probation for this violation alone. See Martin v. State, 378 So.2d 875 (Fla. 2d DCA 1979). Therefore, we affirm the order revoking appellant's probation.
SCHEB, C.J., and RYDER, J., concur.