CAMPBELL, Judge.
Appellant contends that there was insufficient evidence to support the revocation of his probation. We agree.
Four grounds for revoking probation were stated by the trial court. First, appellant allegedly was not living in the approved residence in Maryland. At the probation revocation hearing, the probation officer testified as to evidence given to him *591 by the Maryland probation officer by telephone. This is clearly hearsay testimony which cannot be the basis for probation revocation under Sillett v. State, 393 So.2d 53 (Fla. 2d DCA 1981). The second and third allegations were that appellant failed to pay the public defender’s fee and court costs. The only evidence presented was the probation officer’s statement that appellant did not make these payments. There was no testimony, nor any finding by the trial court, regarding appellant’s ability to pay. Absent a finding that appellant had the ability to pay, probation cannot be revoked based on the failure to pay the public defender’s fee and court costs. Peterson v. State, 384 So.2d 965 (Fla. 2d DCA 1980). Finally, it is alleged that appellant failed to file his monthly reports from July through September of 1983.
At the hearing, the trial court asked the probation officer:
Q. Aside from his approved residence, I take it he’s not done anything else required of him as a condition of probation, including filing reports or paying the sums imposed?
A. That’s correct.
There was no further testimony, or other evidence, indicating which reports were not filed. Appellant testified that he, in fact, filed the July through September, 1983 reports. He admitted that he did not file reports after he was informed of the outstanding warrant against him. Appellant’s testimony was uncontradicted.
It is not clear from the record presented where the monthly reports were to be filed. Also, if they were to be filed in Maryland, there is no indication of how the Florida-based probation officer knew they had not been filed. Due to the lack of evidence and testimony as to this allegation, we must determine that the evidence was insufficient to support a finding that appellant failed to file the monthly reports from July through September of 1983.
Thus, none of the four grounds alleged for revoking probation are a proper basis for probation revocation. We, therefore, reverse the order of the trial court revoking appellant’s probation.
RYDER, C.J., and GRIMES, J., concur.