PER CURIAM.
This is an appeal by the defendant Curtis L. Taylor from an order revoking his community control probationary status previously imposed upon a plea of guilty to a charge of shooting or throwing a deadly missile in an occupied building or vehicle. We conclude that insufficient evidence was adduced below to justify this revocation, and, accordingly, reverse.
The trial court’s stated basis for revoking the defendant’s community control was that (1) the defendant failed to work diligently at a lawful occupation in that he failed to hold or seek gainful employment since being placed on community control, and (2) the defendant failed to remain confined to his residence in that on September 12,1986 at 8:45 P.M. and on September 13, 1986 at 5:50 P.M. and 7:45 P.M. he left his residence without the consent of his community control officer — in violation of the conditions of his community control release. There is no competent, substantial evidence in this record which supports these two findings.
Only one witness testified below at the community control violation hearing — Mr. John Henson, the defendant’s community control officer. Mr. Henson testified that the defendant, in fact, sought employment from an agency Mr. Henson recommended in Homestead, that Mr. Henson knew of no jobs which the defendant was offered but turned down, and that the defendant was unemployed at the time of the hearing. Plainly, this evidence falls woefully short of establishing that the defendant failed to seek gainful employment while on community control; on the contrary, he did quite the opposite.
Mr. Henson further testified that he went to the defendant’s residence on September 13, 1986 at 5:50 P.M. and discovered that no one was home. He returned at 7:45 P.M. that evening and this time the defendant’s girlfriend answered the door and told him the defendant had been arrested and was not home; he subsequently learned that the defendant was in jail during this time, having been arrested on September 12, 1986. Plainly, this evidence fails to establish, as it must, that the defendant voluntarily left his residence without the consent of Mr. Henson on either September 12 or September 13, 1986. Indeed, the evidence shows that the defendant was involuntarily away from his residence on these two dates, having been arrested on September 12,1986, and placed in jail. Moreover, there is no proof whatever that the defendant left his residence on these dates without Mr. Henson’s consent, prior to his being arrested.
Given this failure of proof to sustain the trial court’s revocation of community control below, we are compelled to reverse for insufficient evidence. See Haugabook v. State, 453 So.2d 549 (Fla. 4th DCA 1984); Hudson v. State, 425 So.2d 1166 (Fla. 2d DCA 1983); Winfield v. State, 406 So.2d 50 (Fla. 1st DCA 1981); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978). The order appealed from is reversed, and the cause is remanded to the trial court with directions to restore the defendant to his community control status.
Reversed and remanded.