FRANK, Judge.
After his probations were revoked, James Minninger was convicted of and sentenced for robbery, armed robbery, burglary, and the possession of cocaine and paraphernalia. He appeals from the sentences imposed for three reasons, each of which has merit.
First, the trial court erroneously “revoked” Minninger’s probation in Case No. 82-1134. He had been placed on three years probation in June of 1982 for a robbery offense. The affidavit alleging that Minninger had violated that probation was not filed, however, until June of 1986, four years later. Thus, his probation had expired and the court was without power to “revoke” it. “Upon expiration of the probationary period, the court is divested of all jurisdiction over the probationer unless pri- or to that time the processes of the court have been set in motion for revocation or modification of probation.” Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981). Although an information had been filed charging the appellant with a crime during his probationary period, that act alone was insufficient to initiate the revocation process.
Second, two of the offenses with which Minninger was charged — burglary of an occupied dwelling and possession of cocaine (Case Nos. 82-10725 and 84-11406)— were third degree felonies. The maximum penalty for each felony is five years imprisonment. § 775.082(3)(d), Fla.Stat. (1985). Although the appellant had been appropriately adjudicated guilty of third degree felonies, the trial court erred by imposing sentences of eight years for each offense, terms in excess of the statutory maximum.
Third, the trial court departed from the recommended guidelines range in imposing sentences in all four cases. His written reason is invalid. The trial court noted that Minninger had used aliases at previous sentencings and had thus possibly escaped stiffer punishments. This reasoning is tantamount to departure based on the ground that he either perjured himself, committed a fraud upon the sentencing courts, or engaged in the obstruction of justice — crimes for which no convictions were obtained. See Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985).
Based upon the foregoing, we remand this matter to the trial court with instructions to vacate the sentence imposed in Case No. 82-1134 and, in the remaining cases, to sentence Minninger within the guidelines. The guidelines sentence, of course, shall not exceed the the maximum penalty prescribed by law.
SCHEB, A.C.J., and CAMPBELL, J., concur.