521 So.2d 337 (1988)
Franklin ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0822.
District Court of Appeal of Florida, Fourth District.
March 9, 1988.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks reversal of an order revoking his probation. He claims the record does not contain sufficient evidence to sustain the order of revocation.
The state presented only the testimony of the probation intake officer who testified on the basis of her review of the probation department's records on appellant. Appellant objected to this testimony as hearsay. The trial court found that the probation department records fell within the business records exception of section 90.803(6), Florida Statutes (1985) and allowed the testimony.
Initially we believe that records prepared by the probation department may, with the showing of a proper predicate, be admitted into evidence under the business records exception to the hearsay rule. However in this case the state failed to introduce the records into evidence. While hearsay is admissible in revocation proceedings, *338 probation may not be revoked solely on the basis of such evidence. McCrary v. State, 464 So.2d 670 (Fla. 2d DCA 1985); Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1979).
Despite the presence of the probation records in the courtroom and despite the probation officer relying upon them as the source of her testimony, the state never introduced the records into evidence nor did it lay a proper foundation for their introduction into evidence. Without a proper foundation and introduction of the records into evidence the trial court could not then, nor can this court on review, determine whether these records can and do fall within the business records exception to the hearsay rule. While the trial court made the comment "I will allow them in," it is not clear whether it is refering to the admission of the records or to the question pertaining to the records. The absence of the records from our record on appeal leads us to believe that the trial court's ruling related only to the questions concerning the probation department's records.
The record before us contains nothing but unsubstantiated hearsay of unknown origin to sustain the revocation and that is insufficient under the case law previously cited.
Accordingly this matter is reversed and remanded for further proceedings consistent with this opinion.
REVERSED.
ANSTEAD, DELL and STONE, JJ., concur.