537 So.2d 180 (1989)
Alfredo BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-140.
District Court of Appeal of Florida, Third District.
January 17, 1989.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and David G. Mersch, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
Brown seeks reversal of an order revoking his probation. He claims the record does not contain sufficient evidence to sustain the order of revocation. We agree.
*181 Brown was placed on probation for a period commencing in February 1980 and ending in February 1985. Affidavits of probation violation were filed against him in December 1984, alleging Brown had violated his probation by carrying a weapon and committing armed robbery on November 27, 1984 and by failing to pay his costs of supervision. The state subsequently filed an amended affidavit of probation revocation against Brown on October 25, 1985, alleging he had violated his probation by the above mentioned actions as well as by committing an additional robbery on November 23, 1984.
When the case came on for hearing, the state withdrew the allegations arising from the November 27, 1984 events. The court heard testimony on the remaining charges. The sole evidence as to Brown's nonpayment of supervision costs was a probation officer's testimony based on her review of probation department records. The probation officer neither met with nor had any personal knowledge of Brown. At the conclusion of the hearing, the judge found that Brown had violated his probation by committing a robbery on November 23, 1984 and by failing to pay the costs of his supervision. The judge revoked Brown's probation and departed upward from the appropriate guidelines sentence.
It is settled that "[u]pon the expiration of the probationary period, the court is divested of all jurisdiction over the probationer unless prior to that time the processes of the court have been set in motion for revocation or modification of probation." Little v. State, 519 So.2d 1139 (Fla. 2d DCA), review denied, 528 So.2d 1182 (Fla. 1988); Minninger v. State, 517 So.2d 758 (Fla. 2d DCA 1987); Robinson v. State, 474 So.2d 1274 (Fla. 3d DCA 1985); Gardner v. State, 412 So.2d 10 (Fla. 2d DCA 1981); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981). The filing of the new substantive robbery charge on October 25, 1985, after the expiration of Brown's probation in February 1985, was untimely and the trial court lacked the jurisdiction to consider that charge which ultimately formed part of the basis for the order revoking his probation.
The state argues that this court should now permit reinstatement of the affidavits of probation violation as to the dismissed November 27, 1984 charges. It contends that those affidavits were originally timely filed so as to properly invoke the jurisdiction of the trial court and that the subsequent withdrawal of those charges should not preclude the state's ability to now pursue those violations anew. We disagree. Aware of the relevant cases including Clark, which affirm the divestiture of jurisdiction upon expiration of the probationary period, the state nonetheless chose to dismiss the charges through which the court could maintain proper jurisdiction over Brown. We therefore find no injustice in requiring the state to now accept the consequences of that decision.
With respect to the failure to pay supervisory costs, absent a finding that a defendant has the ability to pay, probation cannot be revoked based on the failure to pay costs. McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); Haynes v. State, 440 So.2d 661 (Fla. 1st DCA 1983). Here, the trial court made no such specific finding. Where there is evidence in the record to support a finding of ability to pay, it is appropriate to remand for the purpose of permitting the trial court to make such a determination. See Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981); see also Williams v. State, 365 So.2d 201 (Fla. 1st DCA 1978).
Records prepared by the probation department, may, with the showing of a proper predicate, be admitted into evidence under the business records exception to the hearsay rule. § 90.803(6), Fla. Stat. (1987); Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988). However, in this case, while the probation officer relied upon probation records, the state never introduced the records into evidence. Brown correctly contends that though hearsay evidence is admissible against a probationer in a revocation proceeding, revocation may nonetheless not be based solely on hearsay. *182 Adams v. State, 521 So.2d at 337-38; Hudson v. State, 489 So.2d 808 (Fla. 4th DCA 1986); Kennedy v. State, 460 So.2d 590 (Fla. 2d DCA 1984); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977).
For the foregoing reasons, the sentences imposed upon this defendant as a result of the instant revocation proceedings are reversed. This case is remanded with instructions for the trial court to determine whether the defendant had the ability to pay the costs of his supervision, as charged in the December 1984 affidavit, and to take the appropriate action thereafter.
REVERSED AND REMANDED.