587 So.2d 660 (1991)
Michael FRAZIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1154.
District Court of Appeal of Florida, Third District.
October 22, 1991.
*661 Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson and Beth Weitzner, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
This is an appeal by the defendant Michael Frazier from a final order revoking his probation. We reverse.
First, the sole evidence adduced at the probation revocation hearing below tending to establish that the defendant failed to appear for the initial probation intake visit, as the affidavit of probation violation charged, was the hearsay testimony of a probation officer who reviewed the probation department's "paperwork" on the defendant. Such "paperwork" was proffered by the prosecuting attorney to the trial court as a business record, although none of the requirements for the admission of same in evidence was ever established under Section 90.803(6), Florida Statutes (1989); such "paperwork," however, was not received in evidence by the trial court. The hearsay testimony of the probation officer was clearly admissible in evidence at the probation revocation hearing, but without doubt was insufficient to revoke the defendant's probation based solely thereon. Brown v. State, 537 So.2d 180 (Fla. 3d DCA 1989) (probation revocation cannot be based solely on hearsay testimony of a probation officer concerning his review of probation records when such records are not introduced in evidence); Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988) (probation revocation reversed when based solely on probation officer's hearsay testimony concerning her review of the probation department records, which records were never introduced in evidence).
Second, the sole evidence adduced at the probation revocation hearing tending to establish that the defendant failed to report to the probation office on January 3, 1991, as the affidavit of probation violation charged, was the testimony of the probation officer. She stated that she sent a letter to the defendant's residence directing the defendant to report to her at the probation office on January 3, 1991, but that on December 24, 1990, the defendant was arrested and thereafter incarcerated in jail so that he could not keep the required appointment. This being so, the defendant's failure to report to the probation office on January 3, 1991, was beyond his physical capacity to accomplish, was non-willful in nature, and therefore cannot constitute a basis for violating his probation. Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986) (failure to file timely monthly report not willful where defendant arrested and incarcerated); Jordan v. State, 412 So.2d 970 (Fla. 2d DCA 1982) (failure to file timely monthly reports not willful where defendant hospitalized); Kotowski v. State, 344 So.2d 602 (Fla. 3d DCA 1977) (no willful violation of probation where defendant's failure to obtain consent to move from residence was due to his eviction from premises).
Because the trial court revoked the defendant's probation based on the above two charges which were never proven, the order revoking probation and sentence imposed thereon are reversed, and the cause is remanded to the trial court with directions to restore the defendant to probation. [Also, upon the state's confession of error, the original judgment of conviction in case no. 90-13415 should be corrected to reflect that the defendant was convicted of grand theft, rather than armed robbery. The trial court is directed to make this correction upon remand.]
Reversed and remanded.