PER CURIAM.
Defendant appeals his revocation of probation, claiming an insufficiency of evidence against him. We agree with the defendant’s contentions and reverse the order revoking his probation.
The defendant, Willie Mitchell, was placed on one year probation commencing May 11,1989. Among the conditions of the defendant’s probation were the following:
(3) Not later than the fifth day of each month, you will make a full and truthful report to your Probation Supervisor on the form provided for that purpose, unless otherwise directed by your Probation Supervisor.
[[Image here]]
(5) You will live and remain at liberty without violating any law....
The defendant’s original probation supervisor, Marta Blanco, filed an affidavit alleging that the defendant had failed to make any reports after November 14, 1989, in violation of condition (3). A second affidavit was filed by the defendant’s subsequent probation supervisor, Dorett Jones, alleging that the defendant had violated the law by committing two drug offenses on December 8, 1991, in violation of condition (5).
A probation revocation hearing was held on March 12, 1992. At the hearing, Ms. Jones testified that she checked the defendant’s probation file and found rio monthly reports contained therein. Ms. Jones also testified that she had no personal knowledge regarding the defendant’s case beyond having examined his file, and that she had never met the defendant. Ms. Jones was allowed to read from Ms. Blanco’s affidavit, which stated that the defendant had failed to file any monthly reports after November 14, 1989. Neither the probation file nor the affidavit were admitted into evidence. Testimony was also heard from two police officers who testified they observed the defendant with what they believed to be crack cocaine and a crack pipe. The officers further testified that they had arrested the defendant on December 8, 1991.
The trial judge refused to find a probation violation based upon the defendant’s alleged drug violation. However, the trial judge did find a violation of probation based upon the defendant’s failure to file written monthly reports.
The trial judge erred in finding a violation of probation on the ground of not filing written monthly reports. Hearsay is admissible in a probation revocation hearing. Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991); Weaver v. State, 543 So.2d 443 (Fla. 3d DCA 1989); Randolph v. State, 292 So.2d 374 (Fla. 3d DCA), cert. denied, 300 So.2d 901 (1974). However, a revocation of probation may not be based solely upon hearsay testimony. Frazier, 587 So.2d at 661; Charles v. State, 558 So.2d 545 (Fla. 3d DCA 1990); Brown v. State, 537 So.2d 180 (Fla. 3d DCA 1989).
In this case, the only evidence of the defendant’s failure to file written reports was the hearsay testimony of Ms. Jones. While clearly admissible, this testimony alone was insufficient to support a violation. The revocation of the defendant’s probation on this ground must be reversed.
The State contends that Ms. Jones’ testimony, when taken in conjunction with the testimony of the officers who arrested the defendant, is sufficient to support a finding of a probation violation. We disagree. The trial judge heard the evidence regarding the defendant’s arrest for a drug offense and concluded that the evidence did not support a finding of a violation of probation. The State cannot then use this same discounted and inadequate evidence, regarding the alleged drug offense, in conjunction with inadequate hearsay evidence on another charge in order to support a finding of one violation.
To support this theory, the State relies on Bernhardt v. State, 288 So.2d 490 (Fla.1974), for the proposition that a subsequent arrest on other charges is sufficient to support a revocation of probation. This application of Bernhardt is incorrect. Bernhardt dealt with the constitutionality *488 of Florida’s probation revocation procedures, and specifically, a provision which made a felony arrest prima facie evidence of a probation violation. Bernhardt, however, recognized that the underlying arrest must be lawful (i.e. based on probable cause), and that a mere physical arrest is insufficient evidence of a probation violation. Bernhardt, 288 So.2d at 496. Accord Manigault v. State, 534 So.2d 856 (Fla. 1st DCA 1988).
In this case, the trial judge heard the evidence regarding the defendant’s war-rantless arrest and concluded it was insufficient to support a probation violation. We reject the State’s attempt to circumvent its burden of proof by cumulating the individually insufficient pieces of evidence, as to the separate violations alleged against the defendant, in order to secure a revocation. Accordingly, we reverse the revocation of the defendant’s probation.
Reversed.