657 So.2d 931 (1995)
Brian Walter KIPP, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02560.
District Court of Appeal of Florida, Second District.
July 7, 1995.
*932 A.R. Mander, III of Greenfelder, Mander, Hanson, Murphy & Dwyer, Dade City, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne E. Sheer, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Brian Walter Kipp, challenges the revocation of his probation. We agree with the appellant's contention that the revocation was based solely on hearsay and, accordingly, reverse.
The appellant pled no contest to attempted burglary, in violation of sections 810.02(3) and 777.04, Florida Statutes (1991). The trial court withheld adjudication and sentenced the appellant to one year probation. The affidavit of violation of probation which was subsequently filed alleged, among other things, that the appellant violated probation condition (17). Probation condition (17) stated: "You will report to the Probation/Community Control Office by 4:00 p.m. this date, if you are released by 3:00 p.m., or if not, you must report by noon of the next business day." The affidavit alleged that the appellant was released on December 8, 1992, at 1:00 p.m., and that as of January 5, 1993, the appellant had failed to report.
At the violation of probation hearing, the probation intake officer testified that based upon her review of the sign in log which was located in the reception area of the probation office, the appellant did not report as instructed. While the intake officer relied solely upon her review of the probation records for her testimony, the state never introduced the records into evidence. See Brown v. State, 537 So.2d 180 (Fla. 3d DCA 1989). No other testimony was presented regarding the appellant's alleged violation of probation condition (17). Although there was testimony regarding other alleged violations of probation, the trial court stated that it only had to find him guilty of one violation. The trial court ruled that the appellant violated probation condition (17) and, as a result, revoked his probation, adjudicated him guilty of attempted burglary, and sentenced him to thirty months in prison. This timely appeal followed.
Hearsay testimony is admissible in evidence at a probation revocation hearing. Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991). However, a revocation of probation may not be based solely upon such evidence. Mitchell v. State, 607 So.2d 486 (Fla. 3d DCA 1992). In the instant case, the trial court revoked the appellant's probation solely upon the hearsay testimony of the intake officer. Accordingly, the revocation of the appellant's probation and the sentence imposed thereon are reversed, and the cause is remanded with instructions to reinstate the appellant's probation on the attempted burglary charge.
Reversed and remanded with instructions.
RYDER, A.C.J., and SCHOONOVER and LAZZARA, JJ., concur.