666 So.2d 187 (1995)
Michael B. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04414.
District Court of Appeal of Florida, Second District.
December 20, 1995.
James Marion Moorman, Public Defender, and Jeffrey M. Pearlman, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Judge.
Appellant, Michael B. Williams, requests reversal of the revocation of his community control, arguing that the only evidence of his alleged violation was hearsay testimony offered by the probation officer. He also argues that the trial judge improperly relied on violations not alleged in the affidavit to support revocation. We agree and reverse.
The only witness at the revocation hearing was appellant's current probation officer, Mr. Cruz, who was not appellant's probation officer at the time the violations were allegedly committed. The violations report was prepared by another officer who had since left the office. Cruz testified that appellant violated his community control by leaving his residence without permission on three separate occasions. Cruz further testified that he had no personal knowledge that appellant had, in fact, left his residence on those occasions. When asked by the court if the documents were kept in the Department of Correction's usual and ordinary course of business, the answer, according to the transcript, was "Name, Cole Stedman." Clearly, the state failed to lay the proper foundation for the introduction of the probation documents under the business records exception to the hearsay rule. See Chavous v. State, 597 So.2d 943 (Fla. 2d DCA 1992); Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988); § 90.803(6), Fla. Stat. (1993).
Additionally, even though the judge stated that he would only consider the three violations before him, the transcript reveals that he did consider additional offenses that had been testified to by the probation officer even though they were not charged in the warrant. Although defense counsel objected to this hearsay testimony, the court denied counsel's request to reinstate appellant's community control, stating:
"I'm not going to do it. If anybody will reinstate him it will be higher court. I have all these documents and things that he has done. I already know that he has other charges. This fellow is just not going to take care of himself, so I'm going to take care of him for himself."
*188 Since it is improper to revoke probation based solely on hearsay or for offenses not charged in the warrant, reversal is required. See Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979); Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979).
Reversed and remanded.
RYDER, A.C.J., and ALTENBERND, J., concur.