PER CURIAM.
The defendant, James Albert Whittington, was charged by affidavit with the following •violations of his community control: (1) failure to remain at his approved residence, (2) failure to obtain consent to change his place of residence, (3) failure to perform 100 hours of community service, (4) failure to make a truthful report of two arrests, and, (5) failure to live without violating the law. Following a hearing in which the defendant contested all of the charges, the trial court found the defendant guilty and revoked his community control. The revocation order does not specify whether the court’s decision was based on some or all of the specific grounds alleged in the affidavit.
We conclude that the evidence is sufficient to sustain a finding that the defendant did not remain at his residence and that he failed to obtain consent to change his place of residence. The state concedes, and we agree, that the evidence is insufficient to sustain a revocation based on any of the remaining grounds. Because it is not clear whether the trial court would have revoked the defendant’s community control based on the two grounds that were proven, we must reverse and remand for consideration of this issue in the trial court. Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991).
Reversed and remanded.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.