PER CURIAM.
Appellant seeks review of an order adjudicating him guilty, revoking his probation, and sentencing him to a term of incarceration. The trial court found that appellant had failed to perform community service *750 but that conclusion was based solely on the hearsay testimony of a probation officer who relied on monthly reports prepared by a community service specialist. A court may not revoke probation based solely on hearsay and the trial court’s conclusion in this regard must be reversed. Beecham v. State, 652 So.2d 1275 (Fla. 3d DCA 1995).
The trial court also, however, found that probation had been violated by appellant’s failure to pay monthly costs of supervision and certain court costs which were imposed. Appellant argues that there was insufficient evidence of his ability to pay but we disagree. Further, appellant’s argument that the trial court could not delegate the making of a payment schedule to the probation officer was not presented below and it is not properly preserved for this appeal. See Schotsch v. State, 670 So.2d 127 (Fla. 4th DCA), rev. denied, 679 So.2d 774 (Fla.1996).
Concluding that one of the grounds for violation of probation was proven and the other was not, we remand to the trial court for a determination whether the probation would have been revoked based solely on the proven violation. Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991).
AFFIRMED in part, REVERSED in part, and REMANDED.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.