696 So.2d 842 (1997)
Jeff ROWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03819.
District Court of Appeal of Florida, Second District.
April 2, 1997.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
*843 PER CURIAM.
The appellant, Jeff Rowan, challenges an order revoking his probation and sentencing him to seven years' prison followed by seven years' probation for sexual battery with a deadly weapon. We reverse because the state has not met its burden of proving a willful and substantial violation of probation.
Appellant pleaded no contest to the offense of sexual battery with a deadly weapon. On March 15, 1990, the trial court withheld adjudication and ordered appellant to be placed on community control for two years, followed by ten years' probation. Condition number three in the trial court's order of probation stated: "You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Officer." On September 28, 1994, the state filed an affidavit by appellant's probation officer stating that appellant violated condition number three by moving from his approved residence on September 19, 1994, without first procuring consent.
At the probation revocation hearing, appellant's probation officer, Robert Atkins, stated that appellant was not living at the approved residence on September 20, 1994. On that date, Atkins visited the approved residence in Arcadia and, Bill Buck, a man who he believed to be appellant's landlord, told him appellant had moved to Sebring. Atkins asked Buck if he could check appellant's room to confirm the absence of any belongings. Atkins testified that there were no belongings of appellant in the room. On cross-examination, Atkins stated that Buck told him which bedroom was appellant's room. He also conceded that the house had two bedrooms, and that he did not check the remaining bedroom.
Diane Roan testified that she and appellant were dating each other in September 1994, and that appellant was living in the approved residence at that time. Roan also stated that, in September 1994, most of appellant's belongings were located at the approved residence, but that some of appellant's clothes were at her residence because she would wash his clothing from time to time. Appellant testified that he was living at the approved residence when Atkins visited in September. He stated that Buck and Karen Ponders co-owned the house, but that he rented the room from Ponders.
On September 26, 1995, the trial court revoked appellant's probation finding that appellant violated condition number three of the probation order. As a result, the trial court adjudicated appellant guilty of sexual battery with a weapon and sentenced him to seven years' prison followed by seven years' probation.
For a trial court to revoke probation based on a violation of a condition of probation, the violation of probation must be "willful and substantial." Hightower v. State, 529 So.2d 726, 727 (Fla. 2d DCA 1988). The state has the burden of proving by the greater weight of the evidence that the probationer's actions amounted to a willful and substantial violation of a condition of probation. See Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988). Although hearsay is admissible in evidence at a probation revocation hearing, a revocation of probation may not be based solely upon hearsay evidence. See Kipp v. State, 657 So.2d 931 (Fla. 2d DCA 1995).
In Brown v. State, 659 So.2d 1260 (Fla. 4th DCA 1995), the trial court revoked probation because the probationer changed his residence without first procuring consent. There, the probation officer went to the approved residence and defendant's sister told him that defendant no longer lived at that residence. The Fourth District held that this hearsay evidence alone was not enough to revoke defendant's probation. See also Kennedy v. State, 460 So.2d 590 (Fla. 2d DCA 1984) (reversing revocation of probation where sole evidence that probationer was not living in approved out-of-state residence was probation officer's testimony that he received such information from person over the telephone).
A revocation of probation based on changing a residence without obtaining consent of the probation officer may be upheld if it is based on hearsay coupled with some other non-hearsay evidence. In Dunham v. State, 683 So.2d 507, 508 (Fla. 4th DCA 1996), approved, 686 So.2d 1356 (Fla.1997), the appellate court upheld a revocation of *844 probation based on a similar condition where the probationer admitted to the probation officer that he was living "in the streets." In McNealy v. State, 479 So.2d 138 (Fla. 2d DCA 1985), and McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988), the defendants admitted they were living elsewhere, and furthermore, the probation officers visited the residences a few times and found the probationers absent. Finally, in Snell v. State, 658 So.2d 1165 (Fla. 2d DCA 1995), this court affirmed a revocation of probation for changing residence without procuring consent where, in addition to hearsay evidence, the probationer's testimony supported a violation of that condition of probation.
In the instant case, the only evidence that appellant changed his residence without obtaining the consent of his probation officer was the hearsay testimony of the probation officer that Buck told him appellant moved to Sebring and the probation officer's observations that appellant's room lacked his belongings. When asked how the probation officer knew that particular room was rented by appellant, he said that Buck told him it was appellant's room. In addition to the fact that the probation officer's testimony that he checked appellant's room was based on the out-of-court statement of Buck, there was no evidence that the probation officer had any independent personal knowledge of which room belonged to appellant. See § 90.604, Fla. Stat. (1995) ("[A] witness may not testify to a matter unless evidence is introduced which is sufficient to support a finding that the witness has personal knowledge of the matter.") Moreover, the probation officer conceded that there were two bedrooms in the house, and he did not check the other bedroom for appellant's possessions. See Colina v. State, 629 So.2d 274 (Fla. 2d DCA 1993) (trial court improperly based revocation of probation on hearsay evidence that probationer committed battery; only other evidence aside from hearsay was witness testimony that victim had injuries, but witnesses could not testify as to origin of injuries). In the face of the uncontradicted non-hearsay testimony that appellant did in fact live at the approved residence in September 1994, we conclude that the state has failed to carry its burden of proving a willful and substantial violation of probation.
Reversed.
PARKER, A.C.J., and PATTERSON and LAZZARA, JJ., concur.