691 So.2d 43 (1997)
Norvell JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04688.
District Court of Appeal of Florida, Second District.
April 4, 1997.
*44 J.L. "Ray" LeGrande of LeGrande & Le-Grande, P.A., Fort Myers, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
SCHOONOVER, Acting Chief Judge.
The appellant, Norvell Johnson, challenges the judgments and sentences imposed upon him after the trial court found him guilty of violating his probation. We find that the state did not present sufficient evidence to sustain the order revoking appellant's probation and, accordingly, reverse.
The only evidence presented at the appellant's probation revocation hearing was the hearsay testimony of a probation officer who reviewed the probation department's file on the appellant. This was not sufficient. Although hearsay testimony is admissible in probation revocation proceedings, it cannot be the sole basis for revocation. Snell v. State, 658 So.2d 1165 (Fla. 2d DCA 1995); Chavous v. State, 597 So.2d 943 (Fla. 2d DCA 1992); Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991); Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988). Even though probation department records may, if a proper predicate is established, be admitted into evidence under the business records exception to the hearsay rule, the state did not attempt to introduce those records in this case. § 90.803(6), Fla. Stat. (1995); Williams v. State, 666 So.2d 187 (Fla. 2d DCA 1995); Adams, 521 So.2d at 338.
Since the appellant's probation could not properly be revoked solely on the hearsay evidence introduced in this case, we must reverse and remand with instructions to set aside the order revoking the appellant's probation and for further proceedings consistent herewith. Williams, 666 So.2d at 188; Chavous, 597 So.2d at 944.
Reversed and remanded with instructions.
FRANK and BLUE, JJ., concur.