701 So.2d 607 (1997)
Erik GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02556.
District Court of Appeal of Florida, Second District.
October 24, 1997.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Erik Garcia, challenges an order revoking his probation. We reverse because the State has not met its burden of proving willful and substantial violations of probation by the greater weight of the evidence.
The State charged appellant with two counts of battery on a law enforcement officer and one count of obstructing or opposing an officer with violence. Appellant pleaded *608 guilty to the charges and the trial court adjudicated him guilty and imposed two years of probation on each count to run concurrently. Condition number three of the probation order stated: "You will not change your residence or employment or leave the county of your residence without first procuring the consent of your officer." Condition number nine stated: "You will promptly and truthfully answer all inquiries directed to you by the Court or your officer, and allow the officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you." Additionally, the trial court ordered appellant to enter and complete an anger management program as a special condition of probation.
On April 5, 1996, the State filed an affidavit of violation of probation alleging that appellant violated condition numbers three and nine. Regarding condition number three, the affidavit alleged that appellant moved from his approved residence without the prior knowledge or consent of his probation officer. Concerning condition number nine, the affidavit alleged that appellant failed to comply with his probation officer's instructions to report to the Psychological Management Group (PMG) on three separate dates. The trial court held a probation revocation hearing on May 30, 1996.
At the hearing, Paul Wells, appellant's probation officer, testified that he visited appellant's approved residence on March 5, 1996, and discovered the door was open but no person was inside the residence. The probation officer further testified that a person who identified himself as the apartment manager told him that appellant did not live at the approved residence. Wells admitted that he did not write down the name of the apartment manager. The probation officer also testified that he instructed appellant to attend three scheduled appointments at PMG. He stated that appellant failed to appear for the first two scheduled appointments and arrived late for the third appointment. Wells conceded that his knowledge of appellant's attendance was based solely on communications from PMG. In this regard, over the objection of defense counsel, the State introduced correspondence from PMG concerning the instances when appellant failed to appear, or arrived late, for the appointments.
Appellant testified that he lived with his wife and child at the approved residence. He further stated that he did not attend the first appointment with PMG because he had no transportation. However, he telephoned his probation officer and rescheduled the appointment. When he arrived at PMG for the second appointment, the staff would not evaluate him because he did not have enough money to pay the required fee. Finally, appellant indicated he was unable to pay the necessary fee for the third appointment because he became unemployed as a result of an arrest. After the hearing, the trial court found that appellant violated condition numbers three and nine. As a result, the trial court revoked appellant's probation and imposed two years in prison for each offense to run concurrently.
A trial court may revoke probation if a probationer violates his or her probation "in a material respect." § 948.06(3), Fla. Stat. (1995). A violation triggering a revocation of probation must be willful and substantial. See Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). The State has the burden of proving by the greater weight of the evidence that the probationer's actions amounted to a willful and substantial violation of a condition of probation. See Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988). Although hearsay is admissible in evidence at a probation revocation hearing, a revocation of probation may not be based solely upon hearsay evidence. See Kipp v. State, 657 So.2d 931 (Fla. 2d DCA 1995); McCrary v. State, 464 So.2d 670 (Fla. 2d DCA 1985).
In the instant case, the State failed to present sufficient evidence that appellant changed his residence without the consent of his probation officer in violation of condition number three. The evidence supporting a violation of this condition consisted of the probation officer's testimony that appellant was absent during a single visit to the approved residence, and that an unnamed person identifying himself as the apartment *609 manager told Wells that appellant did not live at the approved residence. The declaration of the apartment manager is hearsay and cannot support a revocation of probation without some other sufficient non-hearsay evidence. See Rowan v. State, 696 So.2d 842 (Fla. 2d DCA 1997) (holding that testimony of probation officer that landlord told him probationer moved from approved residence was hearsay and could not support revocation of probation without additional non-hearsay evidence); Smith v. State, 690 So.2d 733 (Fla. 4th DCA 1997) (concluding that testimony of probation officer that probationer's grandmother told him that probationer no longer lived at residence, without non-hearsay evidence, was insufficient to support probation revocation). The only non-hearsay evidence relating to condition number three was the probation officer's observation during one visit to the approved residence. This one-time observation establishes only that appellant was not home at the time of the visit by the probation officer. As a result, the combination of hearsay and non-hearsay evidence in the instant case is insufficient to meet the state's burden of proving a violation of condition number three by the greater weight of the evidence.
The State also failed to prove that appellant willfully failed to follow the instructions of his probation officer resulting in a violation of condition number nine. At the hearing, the probation officer testified that appellant failed to follow instructions to be evaluated by PMG, but admitted that he was relying on what he was told by a representative of PMG. In lieu of the direct testimony of PMG's representative, the State introduced letters from PMG apparently setting forth appellant's deficient attendance record. The trial court cannot rely on this hearsay evidence alone to support a revocation of probation. See Glenn v. State, 558 So.2d 513 (Fla. 2d DCA 1990) (reversing order revoking probation which relied solely on facts of which testifying witness had no personal knowledge). However, we must also consider the non-hearsay testimony of appellant which relates to the first three scheduled appointments with PMG. See Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994) (considering non-hearsay admission of probationer that he made no attempt to comply with condition of probation).
Appellant's testimony reflects that he could not make the first appointment because of a lack of transportation but that he telephoned his probation officer to reschedule the appointment. Appellant's testimony, while unclear, also suggests that he attended the second appointment, but was rejected because he did not have money to pay the fee. Regarding the third appointment, appellant became unemployed and could not afford the fee. A violation of probation will not be found where the violation is due to negligence or ineptitude. See Thomas v. State, 672 So.2d 587 (Fla. 4th DCA 1996) (concluding that inept and negligent failure of probationer to return to halfway house on time did not amount to willful violation of probation); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992) (holding that there was no willful or deliberate violation of probation where probationer was absent from meeting of sex offender program due to inept and negligent conduct). Further, a violation will not be found where a probationer's noncompliance is the result of an arrest for an unrelated offense. See Drayton v. State, 490 So.2d 229 (Fla. 2d DCA 1986) (holding that failure to file a monthly report was not deliberate violation of probation where probationer was incarcerated); Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991) (holding that failure to report to probation office as instructed was not willful violation of probation where probationer was imprisoned at time of scheduled appointment).
We conclude that the State did not prove a willful violation of condition number nine by the greater weight of the evidence. There may arise instances where careless or negligent conduct of a probationer rises to the level of deliberateness. However, the evidence in the instant case indicates that appellant was making reasonable attempts to follow the instructions of his probation officer. See Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986) (stating that if a probationer makes reasonable efforts to comply with a condition of probation, failure to comply will not be deemed a willful violation). Moreover, the *610 evidence presented by the State and the affidavit of violation of probation suggest that the instructions were very general. There was no testimony that appellant was scheduled to appear at a fixed time, nor was there evidence that appellant was informed of PMG's required fee. Additionally, the State did not dispute appellant's inability to pay the required fee. Cf. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979) (holding that probation cannot be revoked solely for violation of conditions requiring payment without evidence that probationer is able to pay). In light of appellant's efforts to comply with the general instructions of his probation officer, the evidence does not establish a willful violation of condition number nine.
Accordingly, we reverse the trial court's order revoking appellant's probation because the State has failed to carry its burden of proving willful and substantial violations of probation.
Reversed.
THREADGILL, A.C.J., and ALTENBERND and LAZZARA, JJ., Concur.