711 So.2d 106 (1998)
Eric ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2825.
District Court of Appeal of Florida, Fourth District.
April 22, 1998.
*107 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Eric Anderson, appeals from an order revoking his probation for failing to follow the probation officer's instruction to return to his office at 9:00 a.m. on May 23, 1997. We reverse.
On May 22, 1997, Appellant pled guilty to the various charges brought in two separate informations. He was adjudicated guilty and was placed on concurrent three-year terms of drug offender probation.
As a condition of probation, Appellant was to report to the probation office "immediately or on the next working day after release from confinement." Appellant reported to the probation office on May 22, 1997, the same day he had been adjudicated guilty by the trial court. However, Appellant's mother was not feeling well and Appellant requested that he be allowed to take her home. The probation officer allowed him to leave, but instructed Appellant to return the following day, May 23, at 9:00 a.m. to complete the intake portion of his probation. The following day, Appellant failed to return to the probation office.
At the probation revocation hearing, Appellant and the probation officer were the only witnesses. Appellant testified that he failed to return at 9:00 a.m. the following morning because he was arrested at 8:30 a.m. Relying on the time of arrest stated on the police report, the State argued that Appellant was not arrested until 10:06 a.m. on May 23. On direct examination of Appellant, the record reflects the following:
State: And would it surprise you that the officers have the time of arrest at 10:06 a.m. in the morning instead of 8:30 in the morning?
Appellant: No, sir.
Finding that the arrest took place after Appellant was scheduled to appear at the probation office, the trial court determined that Appellant had willfully and substantially violated condition L-4 of his probation. Condition L-4 provided that Appellant was to "follow carefully and faithfully both the letter and spirit of valid instructions given you [Appellant] by a duly authorized probation officer."
*108 In order to support a revocation of probation, the State has the burden of proving by the greater weight of the evidence that the probationer's violation was both substantial and willful. See Garcia v. State, 701 So.2d 607, 608 (Fla. 2d DCA 1997); Mathis v. State, 683 So.2d 634, 635 (Fla. 4th DCA 1996). The determination of whether probationer's violation was willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support the determination. See Robinson v. State, 689 So.2d 1147, 1149 (Fla. 4th DCA 1997). Although hearsay evidence is admissible in probation revocation hearings, "hearsay alone is insufficient to establish a violation of a condition of probation." Miller v. State, 661 So.2d 353, 354 (Fla. 4th DCA 1995); see Garcia, 701 So.2d at 608; Frazier v. State, 587 So.2d 660, 661 (Fla. 3d DCA 1991).
A probationer's failure to timely report to the probation office is neither willful nor a violation of probation where the probationer was arrested and incarcerated before he was scheduled to appear at the probation office. See Garcia, 701 So.2d at 609; Frazier, 587 So.2d at 661; Taylor v. State, 509 So.2d 1288, 1289 (Fla. 3d DCA 1987); Drayton v. State, 490 So.2d 229, 230 (Fla. 2d DCA 1986). Here, the only evidence offered to contradict Appellant's testimony was the police report reflecting that Appellant was arrested at 10:06 a.m. and Appellant's testimony that it would not surprise him that the officers who arrested him had the time of arrest at 10:06 a.m. instead of 8:30 a.m.
The police report clearly constitutes hearsay, and we find that Appellant's testimony does not sufficiently corroborate the hearsay police report to show by a preponderance of the evidence that Appellant violated his probation. Appellant merely acknowledged that it would not surprise him that the arresting officers listed 10:06 a.m. as the time of arrest. Such an acknowledgement is not an admission that the police report accurately reflected the arrest time, nor does it serve to contradict his earlier testimony that he was arrested at 8:30 a.m. in the morning. Acknowledging that he was not surprised at the time of arrest noted by police is not the same as acknowledging that the arrest was made at the time noted by police in their report. Thus, we conclude that the trial court erred in revoking Appellant's probation as there was insufficient non-hearsay evidence to show that Appellant willfully and substantially violated his probation. See Garcia, 701 So.2d at 609; Miller, 661 So.2d at 354-355; Frazier, 587 So.2d at 661. Accordingly, we reverse the trial court's order revoking Appellant's probation.
REVERSED.
GUNTHER, FARMER and KLEIN, JJ., concur.