PER CURIAM.
Major Barnes appeals the order revoking his probation on grounds that the only evidence the state presented to prove alleged violations of probation was hearsay. We reverse and remand for additional proceedings consistent with this opinion.
The trial court found violations of two conditions of probation: failure to report to a probation officer in the months of June, July, and August of 1997, and failure to attend alcohol abuse screening. The record contained sufficient evidence falling within an exception to the rule excluding hearsay to support the finding that Mr. Barnes did not report to his probation officer for the months in question. See Williams v. State, 406 So.2d 86, 87 (Fla. 1st DCA 1981).
The record does not, however, contain competent evidence to support the trial court’s finding that Mr. Barnes willfully failed to attend alcohol abuse screening. At hearing, the only witness who testified was Mr. Barnes’s probation officer, who had never even met Mr. Barnes. He testified that, according to documents in Mr. Barnes’s file, Mr. Barnes had not shown up for his alcohol abuse screening on January 9, 1997, and May 6, 1997. But he was not personally aware whether anyone ever instructed Mr. Barnes to attend the screenings. He did not become Mr. Barnes’s probation officer until July 25, 1997. At the conclusion of the hearing, defense counsel timely objected on the grounds that the state had presented only hearsay evidence of the violation.
Although hearsay is admissible in probation revocation hearings, a trial court cannot find a defendant has violated probation solely on the basis of hearsay evidence. See Johnson v. State, 695 So.2d 749, 750 (Fla. 1st DCA 1997); Andrews v. State, 693 So.2d 1138, 1141 (Fla. 1st DCA 1997); Hogan v. State, 583 So.2d 426, 427 (Fla. 1st DCA 1991). Here, although the court claimed it was relying on the business records exception to the hearsay rule, the state never sought to admit the file as a business record. See Adams v. State, 521 So.2d 337, 338 (Fla. 4th DCA 1988). Instead, the state offered only the probation officer’s testimony regarding the contents of the file. Consequently, the business records exception does not apply. See Johnson v. State, 691 So.2d 43, 44 (Fla. 2d DCA 1997); Hudson v. State, 489 So.2d 808, 809 (Fla. 4th DCA 1986). Moreover, the probation officer had no personal knowledge whether Mr. Barnes was ever informed of the scheduled alcohol abuse screenings. Without some competent evidence that Mr. Barnes was actually aware of the scheduled screenings, the court could not conclude that he willfully violated that condition of probation.
Considering that the trial court placed special emphasis on Mr. Barnes’s failure to attend alcohol abuse screening, we cannot say whether the trial court would have revoked his probation solely for failure to report to a probation officer. See Johnson, 695 So.2d at 750; Whittington v. State, 688 So.2d 1035, 1036 (Fla. 1st *1183 DCA 1997); Gavins v. State, 587 So.2d 487, 490-91 (Fla. 1st DCA 1991). Accordingly, we reverse the order revoking Mr. Barnes’s probation and remand for further proceedings consistent with this opinion.
ALLEN, LAWRENCE, and BENTON, JJ., CONCUR.