PER CURIAM.
Juan Tornas contends that there was insufficient evidence to support the revocation of his probation. We agree.
*473 Tornas was charged with violating condition three of his probation; specifically, that he changed his address from a specifically-named state correctional -facility without the prior knowledge of his probation officer. “A revocation of probation based on changing a residence without obtaining consent of the probation officer may be upheld if it is based on hearsay coupled with some other non-hearsay evidence.” Rowan v. State, 696 So.2d 842, 843 (Fla. 2d DCA 1997). The only evidence presented in this case was the probation officer’s testimony as to information given to her by telephone by an unnamed Immigration and Naturalization Service person. This was clearly hearsay testimony which cannot be the sole basis for revocation.
Because the State failed to present sufficient evidence to support the revocation, we reverse the trial court’s order revoking Tornas’ probation.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.