STRINGER, Judge.
The appellant, Carol Bissman, appeals an order revoking her community control. We reverse because the State failed to prove by the greater weight of the evidence that appellant willfully and substantially violated her community control.
On December 9, 1996, appellant pleaded no contest to five counts of obtaining a controlled substance (Lorcet) by fraud and was sentenced to eighteen months of drug-offender probation. On November 20, 1997, appellant was again charged with one count of attempting to obtain a controlled substance by fraud. Appellant again pleaded no contest, and the trial court adjudicated her guilty and sentenced her to 28.2 months in prison. However, the trial court suspended the sentence contingent upon appellant’s completion of one year of community control followed by two years of probation. Among other conditions of community control, appellant was ordered in condition five to “live without violating the law,” and in condition seven to “not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician.”
On June 22, 1998, the State filed an affidavit alleging that appellant violated conditions five and seven of her community control. However, the allegations pertaining to condition five were subsequently dismissed.[1] With respect to condition seven, the affidavit alleged that appellant tested positive for opiates on two occasions. Appellant pleaded not guilty to the allega *490 tions, and a hearing was held on October 27, 1998.
At the hearing, the State’s only witness was appellant’s probation officer who testified that she administered urine drug tests to appellant on May 6, 1998, and May 22, 1998, both of which were positive for opiates. Appellant took the stand and admitted that immediately prior to both positive tests, she had taken Lorcet tablets for back pain. Appellant testified that the Lorcet tablets she took were legitimately prescribed by her neurologist, Dr. Hussey. The probation officer did not deny that appellant may have had a legal prescription for Lorcet; however, she believed the prescription was an “old” prescription. At the conclusion of the hearing, the trial court ruled that appellant had violated community control condition seven. The trial court revoked appellant’s community control and imposed a 28.2 month prison term.
A violation which triggers a revocation of community control must be willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence. See Hightower v. State, 529 So.2d 726 (Fla. 2d DCA 1988). In this case, the State has failed to prove by the greater weight of the evidence that appellant used any drugs that were not prescribed by a physician. Contrary to the State’s assertion, the burden was on the State to prove that the drugs appellant took were not legally prescribed. See, e.g., Garcia v. State, 701 So.2d 607, 608 (Fla. 2d DCA 1997) (stating “[t]he State has the burden of proving by the greater weight of the evidence that the probationer’s actions amounted to a willful and substantial violation”).
The State’s only witness did not deny that appellant may have had a legal prescription for the Lorcet; she merely stated that the prescription was “old.” While the State’s witness did not testify exactly how “old” appellant’s prescription was, she did state that the prescription was obtained prior to appellant being placed on community control. The order placing appellant on community control was entered on March 23, 1998, and appellant took the Lorcet in May of 1998. Thus, at most, the State proved that the prescription in question was at least one- and-one-half months old. We cannot conclude that a prescription that is one-and-one-half months old is too old to be considered a valid prescription. Without any other evidence to suggest that the drugs in question were not legitimately prescribed, we believe the State has failed to satisfy its evidentiary burden.
We, accordingly, reverse the revocation order and remand with directions to reinstate appellant’s community control.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., Concur.

. We note that the revocation order on appeal erroneously includes a finding that appellant violated condition five of her community control notwithstanding the fact that the allegations regarding condition five were dismissed.