789 So.2d 1085 (2001)
Archie HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2607.
District Court of Appeal of Florida, Second District.
June 20, 2001.
*1086 James Marion Moorman, Public Defender, and Raymond Dix, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
We reverse the revocation of Archie Hines's probation. The trial court based the revocation on facts developed almost entirely through hearsay testimony, and, in any event, the alleged violation was not willful and substantial.
Mr. Hines was charged with violating condition 20 of his probation order, which stated:
You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with (alcohol) (any illegal drug). If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of said evaluation, all to be completed at the direction of your Supervising Officer.
At the revocation hearing the State's primary witness was unable to attend. The State therefore proceeded with the testimony of its only witness, Ms. Hardin, who became Mr. Hines's supervisor approximately one day before an affidavit of violation was filed and after the events that led to the alleged violation. Ms. Hardin was allowed to testify from the notes of her predecessors that Mr. Hines had been evaluated and told that he needed inpatient alcohol treatment at a facility called The Bridge. Apparently Mr. Hines made a brief appearance at The Bridge and then left the facility. On July 7, 1999, Mr. Hines called his new supervisor, Ms. Hardin, who had taken that position only a day previously, and asked that he be readmitted to The Bridge. Ms. Hardin, however, relayed to Mr. Hines that he could not go back to The Bridge, and she did not attempt to find any other inpatient treatment for him because she had already started the process of filing a violation report. Thus, the only testimony elicited by the State that Mr. Hines was instructed on the necessity for an inpatient treatment program was hearsay.
The State carries the burden of proving by the greater weight of the evidence that a probationer has willfully and substantially violated probation. Roseboro v. State, 528 So.2d 499 (Fla. 2d DCA 1988). Hearsay testimony, although admissible, may not constitute the sole basis for revocation of probation. Robinson v. State, 744 So.2d 1188, 1189 n. 1 (Fla. 2d DCA 1999) (citing Kipp v. State, 657 So.2d 931, 932 (Fla. 2d DCA 1995)); Garcia v. State, 701 So.2d 607, 608 (Fla. 2d DCA 1997). As in Robinson, the defendant's signature was missing from that part of the probation order acknowledging the rules of probation. In that case this court held that because it was not clear that the defendant understood the condition she had been charged with violating, the alleged violation could not be deemed willful and substantial.
The non-hearsay testimony of the defendant may be considered in determining whether the greater weight of the evidence supports the violation, however. Garcia, 701 So.2d at 609. Mr. Hines testified that, no matter what he had been instructed, he did attempt to be readmitted to The Bridge but his request was rejected by his new probation officer, who apparently had filed an affidavit of violation almost immediately upon his leaving the facility. Furthermore, the defendant presented a witness, Mr. Williams of Tri-County Human Services in Sebring, who testified that Mr. Hines had sought evaluation and treatment for his alcohol problems *1087 with his agency. Mr. Hines was "self-referred" to Tri-County. Mr. Williams's evaluation recommended outpatient treatment, which Mr. Hines had paid for and was successfully completing.
The circuit court did not have before it competent evidence of the specific instructions Mr. Hines received as to condition 20, which on its face does not require that Mr. Hines be given only one opportunity to submit to an evaluation and pay for treatment, nor does it contain any time limitations for successful completion of a program. As in Garcia and Scott v. State, 485 So.2d 40 (Fla. 2d DCA 1986), by far the greater weight of the competent evidence at the hearing demonstrated that Mr. Hines made a reasonable endeavor to comply with condition 20, and any failure to comply should not have been deemed willful or substantial in light of his efforts.
Order of revocation reversed; remanded for the trial court to reinstate the defendant's probation.
PARKER, A.C.J., and DAVIS, J., Concur.