816 So.2d 774 (2002)
Royce HARTZOG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2655.
District Court of Appeal of Florida, Second District.
May 10, 2002.
*775 James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Royce Hartzog challenges an order revoking his probation and sentencing him to 52.5 months in prison, followed by seven years' probation. We reverse because the State failed to meet its burden of proving a willful and substantial violation of probation.
Mr. Hartzog was on probation for the offense of aggravated battery. On March 21, 2001, an affidavit was filed alleging that Mr. Hartzog had violated conditions 2 and 36 of his probation. Following an evidentiary hearing, the trial court found that Mr. Hartzog had violated those conditions and revoked his probation.
Mr. Hartzog contends that the violation of condition 2 (changing his residence without first obtaining the consent of his supervising probation officer) must be reversed because the revocation was based solely on hearsay evidence, which was insufficient to establish a willful and substantial violation. He contends that the violation of condition 36 (failure to pay full monthly amount of restitution for four months) must also be reversed because the State failed to show that Mr. Hartzog willfully refused to pay his restitution.
At the evidentiary hearing, Mr. Huntley, the probation officer, testified that Mr. Hartzog was not living at his approved residence. Mr. Huntley made several home visits but never found Mr. Hartzog at the residence. Mr. Huntley testified that Mr. Hartzog's mother told him that "she did not know [where he was living now]." The mother did not testify. Mr. Hartzog testified that he was living at the approved residence but was at work when the probation officer made the home visits.
The only testimony to directly support the violation was the mother's hearsay statement. Hearsay is admissible at a probation revocation hearing, but "a *776 revocation of probation may not be based solely upon hearsay evidence." Rowan v. State, 696 So.2d 842, 843 (Fla. 2d DCA 1997). "A revocation of probation based on changing a residence without obtaining consent of the probation officer may be upheld if it is based on hearsay coupled with some other non-hearsay evidence." 696 So.2d at 843. Here, there was no nonhearsay testimony to support a violation of condition 2. Accordingly, the State failed to carry its burden of proving a willful and substantial violation of condition 2.
As to condition 36, the failure to pay full monthly restitution payments, the State had the burden of establishing that Mr. Hartzog had the ability to pay but willfully refused to do so. See Robinson v. State, 773 So.2d 566 (Fla. 2d DCA 2000). The State produced no evidence of Mr. Hartzog's ability to pay. Mr. Hartzog testified that he had broken his arm and so could not make the full payment. He had, however, continued to make partial payments. "Evidence consisting of only the amount due is inadequate to prove an ability to pay and, hence, inadequate to prove a willful violation." 773 So.2d at 567.
Due to the failure of proof, Mr. Hartzog was entitled to a favorable determination on the alleged violation of his probation. Accordingly, we reverse and direct the trial court to reinstate Mr. Hartzog on probation.
Reversed and remanded.
CASANUEVA and SALCINES, JJ., Concur.