KELLY, Judge.
Michael Davis appeals from the order revoking his probation. He argues that the State failed to prove he violated condition three of his probation by moving from his approved residence without the prior knowledge or consent of his probation officer. We agree and reverse.
At the revocation hearing, Davis’s probation officer testified that on December 5, 2002, he gave Davis permission to move from his current residence on Oxnard Court to an apartment on Firth Court. Davis did not say when he was going to move. On December 17, the probation officer went to the Firth Court apartment and talked to the resident of the apartment, who told him that Davis did not live there. Based on that conversation, he concluded that Davis had moved from the Firth Court apartment without consent and that his whereabouts were unknown. He did not, however, go to Davis’s address on Oxnard Court to see if he was still living there nor did he speak with the manager of the Firth Court apartment complex. The assistant property manager of the Firth Court apartment complex testified that he was not working at the complex until sometime after June 2003, but he testified that he had no record of a lease or an application for an apartment in Davis’s name.
As Davis argues, he was not on community control and was not required to remain in his residence. The basis for the violation of probation was not that he was not present at his assigned residence, but that he had moved from the Firth Court address without permission and his whereabouts were unknown. However, the evidence did not establish that Davis ever left his address at Oxnard Court to move to Firth Court. Only twelve days had passed from the time Davis sought permission to move until the time his probation officer visited the Firth Court apartment. The probation officer testified that he did not discuss with Davis when he intended to move. Davis only reported monthly, and he was not scheduled to report again until *921 January 5, 2003. He was arrested before he could report. This evidence is not sufficient to support the trial court’s conclusion that Davis had moved without permission. See Rowan v. State, 696 So.2d 842 (Fla. 2d DCA 1997) (noting that the State has the burden of proving by the greater weight of the evidence that the probationer’s actions amounted to a wilful and substantial violation of a condition of probation).
Reversed.
CANADY and WALLACE, JJ., Concur.