408 So.2d 760 (1982)
Charles Henry ORDONEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2157.
District Court of Appeal of Florida, Fourth District.
January 13, 1982.
Rehearing Denied February 10, 1982.
*761 John R. Harrington of Harrington & Mattel, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Charles Henry Ordonez was found guilty of violation of a condition of his probation and was adjudicated guilty of the felony for which his probation had originally been imposed. He takes this appeal from those proceedings. He has not been sentenced to any term of incarceration, apparently because of the length of time he was on probation.
In 1974, appellant Ordonez, at the age of seventeen, was arrested (his third arrest) in connection with a charge of breaking and entering a structure with intent to commit a felony, an offense for which he could have been sentenced to fifteen years in prison. As part of a plea bargain to avoid prison Ordonez agreed to obtain a high school diploma or a General Equivalency Diploma, which became the only special condition of his probation. He was also to observe the customary general conditions. He was given two years to accomplish performance of this requirement.
The evidence is that he returned to high school where he discovered that one class he was required to attend was repetitious of one he had taken in the previous year. He refused to attend that class despite a warning that continued truancy would result in his suspension. He was indeed suspended whereupon he left school. Thereafter he attended night school but fell asleep in class and discontinued attendance after a brief period. No further effort was made by Ordonez during the entire initial two year period to comply with the special condition of probation.
His probation supervisor, near the end of the period, caused Ordonez to be arrested and a hearing to be held on the violation. It was not contested that appellant had neither received a high school diploma nor taken the test to obtain a General Equivalency Diploma.
We assume, without being called upon to decide, that the trial court would have been justified at that time in revoking probation and adjudicating appellant guilty of the original felony, imposing such sentence of incarceration as the circumstances warranted. This is so because the test on appeal of a probation revocation is whether the evidence is sufficient to satisfy the conscience of the court that a condition of probation has been violated. Bernhardt v. State, 288 So.2d 490 (Fla. 1974). Proof sufficient to support a criminal conviction is *762 not required. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947).
The evidence shows that appellant made one feeble attempt to return to high school and, by his own admission, refused to comply with the reasonable requirements of the institution which, quite naturally and predictably, resulted in the termination of his relationship with the school. This was certainly an exercise of his own free will and therefore intentional, whether or not it could be said that the end result was consciously planned. It was his action which ended his high school career and thereafter his inaction which, in whole or in part, precluded his obtaining a General Equivalency Diploma. He totally failed to fulfill the special condition of probation; his violation must therefore be characterized as substantial. Thus, the two tests of violative conduct were met. Such conduct, consisting of a willful and substantial violation is sufficient to support revocation of probation. Shaw v. State, 391 So.2d 754 (Fla. 5th DCA 1980); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978).
We do not condone or excuse appellant's refusal to expend the time and effort necessary to fulfill the promise he made in order to avoid going to prison. Nor are we impressed, at this late date, with arguments going to the intrinsic reasonableness of the condition or appellant's mental ability to comply. Those were known quantities at the time the bargain was struck.
The fact is, however, that appellant's probation was not revoked at the hearing in 1976. Instead, the term of probation was extended another two years, during which appellant made little progress toward fulfilling the special condition. At his next hearing in 1978, the condition not having been fulfilled, another two year extension was negotiated.
Finally, in 1980, after six years of probation, appellant attended the hearing which resulted in the ruling and the adjudication appealed here.
Appellant stands before the court a young man of twenty-four, to be now convicted of a felony he committed seven years ago. He has not been arrested for a crime in the interim. He has steady employment and has recently been promoted to management level. His family and friends are apparently supportive of his transition to maturity and honesty, although only his mother was called upon to testify. Others were present and we presume their testimony was to be favorable.
The special condition of probation was intended to assist in appellant's rehabilitation. It's goal was to make appellant a useful, law-abiding citizen, a valuable member of society. It appears that this goal has been reached, nothing to the contrary appearing in the record. We are thus prompted to reflect on the question of what good it would do to punish appellant for failing to accept what was intended as guidance; how would it now benefit appellant  or society?
These considerations lead us to conclude that no good purpose is served by branding appellant a felon for a crime he was accused of committing seven years ago as a juvenile.
We therefore reverse and instruct the trial court to vacate the adjudication. Probation has already and properly been terminated.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HURLEY, J., and OWEN, WILLIAM C., Jr., Associate Judge (Retired), concur.