658 So.2d 1165 (1995)
Robert SNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00988.
District Court of Appeal of Florida, Second District.
August 2, 1995.
Michael P. Reiter, North Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne E. Sheer, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
Robert Snell seeks review of the trial court's orders of revocation of probation. We affirm the trial court's revocation order to the extent it held that the appellant violated condition (1) in that he failed to report for the months of October and November, 1993. But we reverse as to any violation of condition (3) that he changed his residence without consent and condition (12) that he failed to pay restitution because no evidence supported those violations.
Appellant contends that the violation of condition (1) was supported by hearsay evidence alone, and is, therefore, legally insufficient to support the revocation. Hearsay evidence is admissible in probation revocation proceedings, but hearsay alone is insufficient to establish a violation of probation. Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980). The evidence adduced here included hearsay evidence of a probation officer's statements, but also included appellant's testimony which supported a violation *1166 of condition (1). Moreover, appellant's probation file was admitted as an exception to the hearsay rule as a business record. See § 90.803(6), Fla. Stat. (1993). Thus, we do not find merit to his argument.
We reverse and remand, however, for correction of scrivener's errors. Each order incorrectly states that the appellant pled guilty to a violation of his probation. Also, the orders of revocation refer to the "violations as listed in the affidavit," but, as the state concedes, no evidence was presented regarding violations of conditions (3) and (12). A revocation order which references violations of conditions of probation which were not proved, and were not orally pronounced by the trial court, will be remanded for conformance to the oral pronouncement. Burgin v. State, 623 So.2d 575 (Fla. 1st DCA 1993). We, therefore, remand the case with directions to the trial court to correct the revocation orders.
Affirmed in part, reversed in part and remanded for correction.
SCHOONOVER and QUINCE, JJ., concur.