667 So.2d 475 (1996)
Chanarrow JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1784.
District Court of Appeal of Florida, Third District.
January 31, 1996.
Bennett H. Brummer, Public Defender, for appellant.
Robert A. Butterworth, Attorney General, for appellee.
Before BARKDULL, NESBITT and GODERICH, JJ.
PER CURIAM.
The defendant appeals from an order finding him guilty of a probation violation and sentencing him on the original substantive counts of burglary and grand theft for a period of six years in a youthful offender facility but allowing him credit for 513 days of time spent in detention. The claim now is that the determination of probation violation was based totally upon hearsay evidence.
There were three violations of the conditions of probation in the instant controversy. We agree with the defendant that there was only hearsay evidence to support the claim that defendant changed his residence without permission and consequently we strike that as a basis for revocation. We agree with the state, however, that there was non-hearsay evidence of defendant's willful and substantial failure to report to his probation officer and defendant's failure to attend G.E.D. classes. Here, the failure of the defendant to have attended G.E.D. classes, standing alone, was sufficient to have imposed revocation of probation. Ordonez v. State, 408 So.2d 760 (Fla. 4th DCA), review denied, 419 So.2d 1200 (Fla. 1982). Clearly, that coupled with his failure to report to his probation officer constitutes sufficient evidence to satisfy the trial court's conclusion that the defendant violated his probation. Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994).
Consequently, the one violation as to which there was insufficient evidence is stricken. In all other respects, the order is affirmed.