691 So.2d 32 (1997)
Jose Raoul SALVATIERRA, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2252.
District Court of Appeal of Florida, Third District.
April 2, 1997.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, and Donna F. Bostic, Certified Legal Intern, for appellee.
Before NESBITT, JORGENSON and SHEVIN, JJ.
PER CURIAM.
A written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing. Narvaez v. State, 674 So.2d 868(Fla. 2d DCA 1996); Snell v. State, 658 So.2d 1165(Fla. 2d DCA 1995). Defendant here complains that the inclusion of the offense of possession of cocaine in his written order of probation violation was not supported by the evidence produced at his probation revocation hearing. Upon the state's confession of error, as well as our independent review of the record, we agree. Here, defendant's changing of his residence without informing his probation officer, his failure to file monthly probation reports, and his failure to make ordered payments for medical treatment received, all constitute sufficient evidence to satisfy the trial court's conclusion that the defendant violated his probation. See Johnson v. State, 667 So.2d 475 (Fla. 3d DCA 1996); Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994); Ordonez v. State, 408 So.2d 760 (Fla. 4th DCA), review denied, 419 So.2d 1200 (Fla.1982).
Consequently, the one violation as to which there was insufficient evidence is stricken. In all other respects, the order is affirmed.