FARMER, J.
Defendant pleaded no contest to one count of Aggravated Battery. Under the plea agreement, he was to have no contact with the two alleged minor victims and no unsupervised contact with minor children. The plea agreement further provided that the State would waive all sexual offender and sexual predator designations as well as any prosecution under the Jimmy Ryce Act. The plea agreement contained a provision that he would be subject to “mental health evaluation and treatment if necessary.” In accordance with the agreement, the trial court withheld adjudication and sentenced defendant to time served plus three years probation.
In specifying the terms of defendant’s probation in court, the trial court stated:
He is to be subject to, and while on probation, a mental health evaluation and treatment if he, as necessary, needs it. This is not a substance abuse or drug evaluation.
On the same day, defendant signed and dated the Probation Order which contained the following special condition:
[Y]ou must undergo a mental health evaluation at a time, date and location as specified by your probation officer, at your own expense. You must also successfully complete any treatment and education determined to be necessary as a result of the evaluation, which may include residential treatment, at your own expense.
In accord with the above, stated as Condition 17, defendant’s probation officer recommended that he undergo a mental health evaluation with Mr. Auerbach, the *1020 person to whom the probation office sends probationers for mental health evaluations and sex offender treatment. Following his evaluation of defendant, Auerbach recommended that defendant receive sex offender counseling.
Later defendant filed a motion seeking a judicial determination that his sentence did not include Condition 17 and that he had successfully completed the required evaluation and treatment terms of his probation. His motion argued:
The trial court, with the State’s stipulation, withheld adjudication of guilt and placed the Defendant on three years probation with the special condition that he submit to a mental health evaluation and obtain any necessary treatment. The Defendant was not required to see a specific evaluator or obtain specific treatment in order to comply with this condition. The Defendant was never ordered by the court to pay for and successfully complete a sexual offender therapy program. In fact, the trial court specifically ordered that the Defendant was not to be listed on any sexual offender or sexual predator registration lists.
Mr. Sears, in a good faith effort to comply with his probation officer’s orders, met Mr. Auerbach. Mr. Sears was shocked to discover that he had been referred to a “Sex Offender Therapy Program.” Mr. Sears never contemplated that he would be forced to attend such a program. Had Mr. Sears known he would be forced to undergo demeaning and unnecessary sexual offender therapy treatment, he never would have agreed to the plea.
After a hearing, the trial court entered a written order denying the motion. Thereafter, defendant filed a motion to correct sentencing error in which he argued that Condition 17 of his Probation Order, the condition requiring him to undergo the mental health evaluation, be stricken and made to conform to the court’s oral pronouncement of the condition. The trial court denied this motion. This appeal followed.
We reject defendant’s argument that Condition 17 constitutes an impermissible enhancement of his probation. Defendant’s attempt to place his case in the category of Lippman v. State, 633 So.2d 1061 (Fla.1994), is unfounded. Lippman involved the addition of a new condition where none had been pronounced at sentencing. The Court held that the additional conditions suggested by Lippman’s therapist constituted enhancements of the original sentence rather than modifications. 633 So.2d at 1063. In this case, Condition 17 was an original part of defendant’s probation, not an additional one.
Similarly we reject his companion contention that Condition 17 was not orally pronounced at sentencing. The trial court explicitly stated that as a condition of probation defendant was required to submit to “a mental health evaluation and treatment ... as necessary.” Condition 17 required that, after undergoing a mental health evaluation, defendant would have to “successfully complete any treatment determined to be necessary as a result of the evaluation.” Condition 17 itself was explained to defendant on the day he entered his plea; he fully understood that this provision was a element of his probation when he entered his plea. In fact the probation order contains the following: “I acknowledge receipt of a certified copy of this order and that the conditions have been explained to me.” Defendant signed immediately below this sentence and wrote in the date. That was the same day he entered his plea and signed the written *1021 plea agreement, and the same day the court orally pronounced his probation conditions.
AFFIRMED.
STONE and SHAHOOD, JJ„ concur.