897 So.2d 523 (2005)
Kenneth Bryant MATTHEWS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1227.
District Court of Appeal of Florida, Third District.
March 2, 2005.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Lucretia A. Pitts, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
Kenneth Bryant Matthews appeals from an order revoking his probation and sentencing him to three years in prison. We affirm in part, reverse in part, and remand so that the written order revoking probation may be corrected to accurately reflect the lower court's oral ruling and the evidence adduced and for re-sentencing.
On April 28, 2003, Matthews entered a no contest plea to charges of unlawful driving as a habitual traffic offender and was placed on conditional probation for one year. Four months later, a violation of probation affidavit was filed, alleging that Matthews had violated the conditions of his probation by: (1) leaving the county of his residence without his probation officer's consent; (2) violating the law by driving with a suspended license and giving a false name to a police officer in Riviera Beach, Florida; (3) violating the law by being arrested for disorderly conduct and using drugs in Atlanta, Georgia; (4) failing to report monthly to his probation officer; (5) failing to complete the Drive Legal Program as ordered; (6) failing to pay *524 court ordered restitution; and (7) failing to complete court ordered community service.
At the revocation hearing that followed, the trial court rejected the State's proposed plea offer of 366 days in jail and proceeded to hear evidence. Matthews candidly admitted that he had violated his probation by leaving the county of his residence without permission when he went to Atlanta; by violating the law when he was arrested in Riviera Beach for driving with a suspended license; by failing to report to his probation officer; and by failing to complete the Drive Legal Program. He also admitted that he had been driving regularly despite the fact that he had been prohibited from doing so. The State agreed that Matthews had successfully performed his community service, and that there was no evidence that he had failed to pay court courts. The testimony regarding Matthews' arrest for disorderly conduct and drug use while in Atlanta came solely from his probation officer who testified from knowledge gleaned from reading an Atlanta arrest report.
At the conclusion of the evidentiary hearing, the trial court orally announced that except for the allegation that Matthews gave a false name to a police officer in Riviera Beach and his alleged failures to complete community control and pay court costs, Matthews had violated his probation for the reasons alleged, including those related to the Atlanta arrest. Contrary to this oral pronouncement, the written order revoking Matthews' probation concluded that Matthews' probation should be revoked for all of the reasons alleged in the affidavit, even those allegations relating to giving a false name and failing to complete community control and pay court costs. Matthews was sentenced to three years in prison.
As an initial matter, the State properly concedes that the trial court's written order regarding the allegations that Matthews gave a false name and failed to complete community service and pay court costs, does not conform to the trial court's oral pronouncements. The order must, therefore, be vacated and remanded to delete these findings or to correctly reflect that they were not proved. See Salvatierra v. State, 691 So.2d 32, 32 (Fla. 3d DCA 1997) ("A written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing"); Jones v. State, 686 So.2d 701, 701 (Fla. 3d DCA 1996)(remanding case "so that the order may be corrected to conform to the trial court's oral pronouncements").
The order must also be corrected to accurately reflect that the allegations regarding his drug use and arrest while in Atlanta were not sufficiently proved, because the only evidence introduced by the State to support these allegations was hearsay testimony. See Glenn v. State, 558 So.2d 513, 514 (Fla. 2d DCA 1990)(finding that "a defendant's probation cannot be revoked solely on the basis of hearsay evidence, although that evidence is admissible at a violation of probation hearing"); Brown v. State, 537 So.2d 180, 181 (Fla. 3d DCA 1989) (finding that "though hearsay evidence is admissible against a probationer in a revocation proceeding, revocation may nonetheless not be based solely on hearsay"); Adams v. State, 521 So.2d 337, 337-38 (Fla. 4th DCA 1988)(holding that "[w]hile hearsay is admissible in revocation proceedings, probation may not be revoked solely on the basis of such evidence"). The order must, therefore, be corrected on remand to reflect that the allegations regarding these events were not proved. See Salvatierra, 691 So.2d at 32 (striking findings in a revocation order which were unsupported by sufficient evidence).
Nevertheless, the parties agree (and the record confirms) that there was sufficient *525 evidence to support revocation of Matthews' probation on a number of the grounds alleged. We therefore affirm revocation of Matthews' probation, but remand for correction of the order as directed herein. Because it is unclear whether the trial court would have imposed a three-year sentence had it not concluded that the evidence supported the most serious charges leveled against Matthews, we also reverse the sentence imposed and remand for re-sentencing.[1]See Johnson v. State, 890 So.2d 490 (Fla. 5th DCA 2004)(where there was "no evidentiary support for the most serious bases of revocation", but the remaining grounds for violating probation were valid, remanding for resentencing because "[i]t is not clear ... whether the trial court would have imposed the same sentence based solely on these violations alone"); Smith, 705 So.2d at 1034 (remanding for resentencing because "it is not clear whether the court would have imposed the same sentence based solely on [the remaining] violation").
Affirmed in part, reversed in part, and remanded with instructions.
NOTES
[1] On remand, the trial court may, of course, impose either the same sentence or exercise its discretion to impose a reduced sentence. Smith v. State, 705 So.2d 1033, 1034 (Fla. 3d DCA 1998).