STEVENSON, J.
 

 On appeal, Raymond Ortiz challenges an order revoking his probation in three lower court ease numbers. Ortiz maintains that the trial court erred in finding a willful and substantial violation and that his probation should have been revoked — if at all — in only two of the three lower court case numbers. We reject Ortiz’s first claim, but find merit in the latter.
 

 Raymond Ortiz entered no contest pleas to drug charges in three separate lower court case numbers (02-16136, 03-19130, 04-7553) and was sentenced to five years drug offender probation. The orders of probation entered in case numbers 02-16136 and 03-19130 included the additional condition that the defendant “not drive or operate a motor vehicle until further [court] order”; the probation order en
 
 *319
 
 tered in case number 04-7553 does
 
 not
 
 include such condition.
 

 Just months later, in December of 2004, and again in January of 2006, the State filed affidavits of violation of probation in all three lower court case numbers. Ortiz pled guilty to the violations and his probation was reinstated.
 

 In August of 2006, a third affidavit of violation was filed in the three lower court case numbers. The affidavits of violation filed in case numbers 02-16136 and 03-19130 were identical and contained five counts. Count IV alleged that Ortiz’s probation officer had instructed him not to drive until he obtained a court order permitting him to do so and that Ortiz violated such instruction by driving on August 2, 2006. Count V alleged that Ortiz violated the special condition of his probation precluding him from driving until he obtained a court order permitting him to do so. The affidavit of violation filed in case number 04-7553 contained only two counts and did not charge a violation relating to Ortiz’s driving in the absence of a court order permitting him to do so. Following an evidentiary hearing, the trial court found Ortiz guilty of the violations charged in counts TV and V of the affidavits of violation filed in case numbers 02-16136 and 03-19130 and revoked Ortiz’s probation in all three lower court case numbers.
 

 Whether a violation of probation is willful and substantial is a question of fact for the trial court; an appellate court will not overturn a trial court’s determination that the defendant’s conduct constitutes a willful and substantial violation unless there is simply no evidence to support such a determination.
 
 See Cunningham v. State,
 
 795 So.2d 219, 220 (Fla. 4th DCA 2001). This is not the case here. Ortiz contends that the trial judge took a “draconian” view of the orders of probation and that the transcript of the hearing that resulted in the orders of probation indicate that the “spirit” of the order did not require him to return to court for an order, but for him simply not to drive until legally permitted to do so. Ortiz insists that since he obtained a hardship license from DMV, there was no willful and substantial violation. Ortiz’s argument ignores the plain language of the orders of probation and the judge’s words at the hearing that resulted in the special condition of probation. The probation orders in case numbers 02-16136 and 03-19130 plainly state that Ortiz is not to drive until further order of the court. Further, during the hearing that resulted in the probation orders, the judge stated that even if Ortiz were to succeed in securing a hardship license, he was required to return to court.
 

 Despite our affirmance of the revocation of Ortiz’s probation in lower court case numbers 02-16136 and 03-19130, we must remand the matter to the trial court to correct a scrivener’s error. The trial judge orally pronounced that he found Ortiz guilty of the violations charged in counts IV and V; however, the written order of revocation in case number 02-16136 references only count V. A written order of revocation must conform to the trial court’s oral pronouncement.
 
 See Matthews v. State,
 
 897 So.2d 523 (Fla. 3d DCA 2005).
 

 Lastly, we agree that Ortiz’s probation should not have been revoked in case number 04-7553. Not only was a violation based upon such conduct not charged in this lower court case number, but also the special condition precluding Ortiz from driving without obtaining a further court order was not included in the order of probation entered in case number 04-7553. The revocation of Ortiz’s probation in lower court case number 04-7553 is, therefore, reversed.
 

 
 *320
 

 Affirmed in Part, Reversed in Part and Remanded.
 

 GROSS and MAY, JJ., concur.