ON CONFESSION OF ERROR
 

 PER CURIAM.
 

 Based on the State’s proper confession of error, and our own independent review of the record, we reverse the trial court’s written order of revocation of probation (“the Order”). “A written order of probation revocation must conform to the court’s oral pronouncement at a defendant’s probation revocation hearing.”
 
 Salvatierra v. State,
 
 691 So.2d 32 (Fla. 3d DCA 1997) (citing
 
 Narvaez v. State,
 
 674 So.2d 868 (Fla. 2d DCA 1996);
 
 Snell v. State,
 
 658 So.2d 1165 (Fla. 2d DCA 1995)). Here, the Order specified that the defendant violated condition “L.7.” of the order of probation which required payment of supervision costs, and condition “L.8.e.,” which required payment of costs for drug testing. These findings, however, do not appear in the transcript of the trial court’s oral pronouncement. As such, we reverse the Order and remand with instructions that the Order be corrected to conform to the trial court’s oral pronouncement at the probation x-evocation healing.
 

 Reversed and remanded with instrue-tions.