KHOUZAM, Judge.
Jon Robert Musser timely appeals the order revoking his probation. We affirm the revocation. But we reverse and remand for entry of a corrected order because the existing order does not conform to the trial court’s oral pronouncement.
The affidavit of violation of probation, as amended, alleged violations of four conditions: condition (5), prohibiting new law violations; condition (6), prohibiting the possession of firearms; condition (16), requiring active participation and successful completion of sex offender treatment; and condition (20), prohibiting the viewing of pornographic material relevant to Mus-ser’s deviant behavior pattern. With respect to condition (5), the affidavit alleged that Musser committed a new law violation by possessing a firearm as a convicted felon. Therefore, two of the four conditions alleged to have been violated were related to the possession of firearms.
At the revocation hearing, the State provided evidence addressing all four conditions. After argument, the trial judge revoked Musser’s probation. In orally pronouncing his findings, the trial judge noted that the revocation was based upon the testimony of Musser’s sex therapist, who described Musser’s poor participation in sex therapy and his admission to watching pornography after being placed on probation. In revoking Musser’s probation, the judge did not address the firearm conditions, but the order of revocation indicates that Musser violated his probation “as outlined in the affidavits of violation of probation.”
It is evident from the record that the trial court did not err in revoking Musser’s probation based on the violations of conditions (16) and (20) as described by Musser’s sex therapist. Accordingly, we affirm the revocation. But because the order of revocation suggests that Musser committed violations which were not addressed in the court’s factual findings, we reverse and remand for the entry of an order consistent with the court’s oral pronouncement. See Henley v. State, — So.3d -(Fla. 3d DCA 2012) (reversing portion of revocation order which incorporated by reference violations in conflict with oral pronouncement).
Affirmed in part, reversed in part, and remanded with instructions.
DAVIS and CRENSHAW, JJ., Concur.