LOGUE, J.
Leonard J. Harvey appeals the trial court’s order revoking his probation. We affirm the revocation; we remand to have the written order of revocation amended to reflect the trial court’s oral rulings.
In 2005, after a guilty plea, Harvey was adjudicated guilty in three separate criminal cases and sentenced to a prison term followed by five years of probation. During Harvey’s fourth year of probation, the State filed an amended affidavit of probation violation, alleging that he had committed four probation violations: (1) third-degree grand theft; (2) resisting an officer without violence; (3) failure to pay drug test fees; and (4) failure to pay supervision costs.
Following an evidentiary hearing, the trial court announced from the bench that Harvey had committed two probation violations: (1) third-degree grand theft; and (2) resisting an officer without violence. No findings concerning the failure to pay drug test fees or supervision costs appear in the transcript of the trial court’s oral pronouncements. The written order of probation revocation, however, reflected that Harvey committed all of the alleged probation violations. As the State properly concedes, the written order should correctly reflect the oral pronouncement. Laffitte v. State, 16 So.3d 315, 316 (Fla. 3d DCA 2009) (“A written order of probation revocation must conform to the court’s oral pronouncement at a defendant’s probation revocation hearing.”) (quoting Salvatierra v. State, 691 So.2d 32 (Fla. 3d DCA 1997)).
Affirmed in part, reversed in part, and remanded to correct the written order of revocation.