EMAS, J.
Jorge Llerena files this appeal, following a probation violation hearing, an order revoking probation, and sentence. Appellant’s only claim on appeal is that the written order revoking probation fails to conform to the trial court’s oral pronouncement made at the conclusion of the probation violation hearing.
Appellant was placed on probation for aggravated battery. While serving his probation, Appellant was arrested and charged with the crimes of conspiracy to traffic in cocaine and trafficking in cocaine, alleged to have been committed by Appellant while he was on probation. The State filed an affidavit of probation, which was later amended, alleging that Appellant violated his probation by: (1) committing the offense of conspiracy to traffic in cocaine; (2) possessing drugs or narcotics not prescribed by a physician; (3) failure to complete an anger management program; and (4) failure to complete an alcohol and drug treatment program.
The probation violation remained pending while a jury trial was held on the charges of conspiracy to traffic in cocaine and trafficking in cocaine. The trial judge presiding over the trial was the same judge who would hear the probation violation case. The parties agreed that the trial court could consider the evidence presented at trial as evidence of the violation of probation. It was further agreed that, following trial, the judge would hold a probation violation hearing, at which time the State and defense could present any other evidence with regard to the alleged violations of probation.
Following trial, Appellant was found guilty of conspiracy to traffic and trafficking in cocaine. At the subsequent probation violation hearing, the State elected not to present any additional evidence on the violation of probation, relying upon the evidence presented at trial and heard by the trial court. The defense presented no evidence at the probation violation hearing. The trial court orally found Appellant in violation of his probation for having committed the offense of conspiracy to traffic in cocaine.[1] However, the written order of revocation included all four bases (de *456 scribed supra) contained in the amended violation of probation.
Based upon the State’s proper confession of error and our own review of the record, we affirm the revocation and sentence, but remand to the trial court for the sole purpose of entering an amended order of revocation that conforms to the trial court’s oral pronouncement that Appellant violated his probation by committing the offense of conspiracy to traffic in cocaine. See Harvey v. State, 129 So.3d 1165 (Fla. 3d DCA 2014) (noting that a written order revoking probation must conform to the court’s oral pronouncement made at the probation revocation hearing); Laffitte v. State, 16 So.3d 315 (Fla. 3d DCA 2009) (same). Appellant need not be present for this purpose.[2]

. The trial court also included, in its oral pronouncement, that Appellant violated his probation by committing the offense of trafficking in cocaine. Although the amended affidavit of violation of probation alleged conspiracy to traffic in cocaine, it failed to allege the additional offense of trafficking in cocaine, which therefore could not serve as a basis for revocation. Nadal v. State, 855 So.2d 257 (Fla. 3d DCA 2003); Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977).

. Appellant does not challenge any other aspect of the violation hearing or the sufficiency of the evidence regarding the violation. Neither does he challenge the sentence imposed following the revocation of probation. Therefore, all that remains is the ministerial act of entering an amended written order which conforms to the court's oral pronouncement, for which Appellant’s presence is unnecessary.