# Third District Court of Appeal

## State of Florida

Opinion filed April 22, 2015.

———————————

No. 3D14-1970
Lower Tribunal No. 06-37017

———————————

**Larry Rivers,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

Eugene F. Zenobi, Office of Criminal Conflict and Civil Regional Counsel, and Kristen Kawass, Assistant Regional Counsel, for appellant.

Pamela Jo Bondi, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for appellee.


Before SHEPHERD, C.J., and SUAREZ and LOGUE, JJ.

ON CONFESSION OF ERROR

LOGUE, J.

Defendant, Larry Rivers, seeks review of the trial court's written order of revocation of probation. The defendant asserts that the written order does not comport with the trial court's oral pronouncement. On the State's proper confession of error, we agree.

The defendant, in May 2009, entered into a plea agreement and was placed on sexual offender probation for a period of twenty years as a habitual violent offender. On August 2, 2013, an amended affidavit of violation of probation was filed. The affidavit contained six allegations. Three of the six allegations involved the defendant's electronic monitoring device and one of the other allegations was withdrawn by the State prior to the evidentiary hearing.

At the hearing, the trial court found the defendant in violation of his probation based upon the three allegations involving the electronic monitoring device. However, all six allegations from the affidavit, including the allegation that had been withdrawn by the State, were listed on the written order as bases for revocation. "As the State properly concedes, the written order should correctly reflect the oral pronouncement." Harvey v. State, 129 So. 3d 1165, 1166 (Fla. 3d DCA 2014); Shacker v. State, 106 So. 3d 36 (Fla. 3d DCA 2013); Laffitte v. State, 16 So. 3d 315, 316 (Fla. 3d DCA 2009) ("A written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing") (citation omitted).

Affirmed in part, reversed in part, and remanded to correct the written order of revocation of probation to conform to the trial court's oral pronouncement at the probation revocation hearing.