# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-397
Lower Tribunal Nos. 10-29982; 10-34928; 11-24364; 12-21278; 12-28875; 13-28811 & 14-12334

_____

**Antonio Gonzalez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodolfo Ruiz, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and SCALES, JJ.

LOGUE, J.

The defendant seeks review of the trial court's order revoking his probation and his consequent sentence pursuant to a previously entered plea agreement. We affirm the revocation, but remand to have the written order of revocation amended to reflect the trial court's oral pronouncement.

In May 2013, the defendant entered into a plea agreement as to five separate criminal cases and was sentenced to a prison term followed by ten years of probation. While the defendant was serving his probation, the State filed an information which ultimately served as the basis for revoking the defendant's probation. The information alleged: (1) third degree vehicular grand theft; (2) forgery or alteration of certificate of title or cancellation of lien; and (3) operating a business without a license.

Following the probation revocation hearing, the trial court orally pronounced its findings that the defendant committed a willful and substantial violation of probation by perpetrating vehicular theft and title fraud. No findings relating to the count of operating a business without a license appear in the transcript of the court's oral pronouncement. The written order of probation revocation, however, reflects that the defendant committed all three of the alleged probation violations. The written order of revocation must correctly reflect the trial court's oral pronouncement. See Harvey v. State, 129 So. 3d 1165, 1166 (Fla. 3d DCA 2014); Salvatierra v. State, 691 So. 2d 32, 32 (Fla 3d DCA 1997) ("A

2

written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing."). Accordingly, we remand for correction of the written order of revocation so that it conforms to the court's oral pronouncement.

Affirmed in part, reversed in part, and remanded with instructions.