# Third District Court of Appeal

## State of Florida

Opinion filed August 29, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1636
Lower Tribunal No. 14-22651
_____

**Landon Hernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before SCALES, LUCK, and LINDSEY, JJ.

*ON CONFESSION OF ERROR*

PER CURIAM.

Landon Hernandez appeals the trial court's order revoking his probation. Based upon a review of the record before us and the State's appropriate confession of error, we affirm the revocation but remand with instructions that the written order of revocation be corrected to conform to the trial court's oral pronouncements made at the probation revocation hearing.

Following a probation revocation hearing held on June 21, 2017, the trial court orally pronounced that it was revoking Hernandez's probation because the State established by a preponderance of the evidence that he willfully and substantially violated his probation by: being a convicted felon in possession of a firearm (condition 5); possessing, carrying, or owning a firearm or weapon (condition 4); changing his residence without first procuring consent from his probation officer (condition 3); and committing an aggravated assault (condition 5). However, the trial court also found that the State specifically failed to prove that Hernandez violated his probation for: committing a battery (condition 5), failing to pay restitution (condition 2), and failing to complete his community service hours (condition 8). A review of the record and revocation hearing transcript also reveals that the trial court made no finding as to whether Hernandez violated his probation by improperly exhibiting a dangerous weapon or firearm (condition 5), or by failing to report to his probation office (condition 1).

2

On July 11, 2017, the trial court entered its written order revoking Hernandez's probation. The written probation revocation order, however, does not conform to the oral pronouncements the trial court made at the revocation hearing. "A written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing." Laffitte v. State, 16 So. 3d 315, 316 (Fla. 3d DCA 2009) (quoting Salvatierra v. State, 691 So. 2d 32 (Fla. 3d DCA 1997)). In addition to the four violations the trial court orally pronounced had been proven by the State, the written revocation order also reflects that Hernandez committed the three probation violations that the trial court specifically declined to revoke probation for—committing a battery (condition 5), failing to pay restitution (condition 2), and failing to complete his community service hours (condition 8). Additionally, the written revocation order also reflects that Hernandez committed the two probation violations that the trial court made no finding on—improperly exhibiting a dangerous weapon or firearm (condition 5) and failing to report to his probation office (condition 1).

Indeed, the State's confession of error concedes as much and requests that the matter be remanded to the trial court for the sole purpose of correcting the written revocation order in order to conform to the trial court's oral pronouncement. We agree. See Gonzalez v. State, 217 So. 3d 235, 235 (Fla. 3d DCA 2017) (remanding with instructions "for correction of the written order of

3

revocation so that it conforms to the court's oral pronouncement."); see also Jones v. State, 686 So. 2d 701 (Fla. 3d DCA 1996) (citing Cushion v. State, 637 So. 2d 2 (Fla. 3d DCA 1994)). As such, we remand for correction of the written order for revocation so that it conforms to the trial court's oral pronouncement.[1]

Affirmed in part, reversed in part, and remanded with instructions.

---

[1] Hernandez need not be present for this purpose. See Sellers v. State, 793 So. 2d 1148 (Fla. 3d DCA 2001) (citing Sampson v. State, 375 So. 2d 325 (Fla. 2d DCA 1979)).