# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1249
Lower Tribunal Nos. F15-17763, & F15-11823
_____

**Bryan Facen,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Bryan Facen, challenges the revocation of his probation and resultant sentence imposed in his underlying felony cases. On appeal, Facen contends the trial court erred in finding him in violation for failing to submit to a sexual offender evaluation and treatment because that specific condition was not reflected in his probationary paperwork. We affirm the revocation but remand for the trial court to conform the written sentence to the oral pronouncement.

## BACKGROUND

Facen was placed on youthful offender probation for armed carjacking, possession of a firearm by a convicted felon or delinquent, and burglary of an occupied dwelling pursuant to a written plea agreement. As a special condition of the probation, Facen agreed to obtain a mental health evaluation and any treatment deemed necessary.

Over the ensuing years, Facen's probation officer filed a series of probation violation affidavits. Facen was initially restored to probation and then subject to first judicial monitoring and then electronic monitoring. Further affidavits followed, but, despite a myriad of material allegations, Facen was repeatedly reinstated to probation. Two of the affidavits referenced the failure to complete a sex offender evaluation, as

recommended by a clinical assessment performed in conjunction with the court-ordered mental health evaluation.

Before Facen's supervision expired, his probation officer filed the affidavit at issue in these proceedings. The affidavit alleged Facen failed to: (1) report; (2) file a monthly report; (3) pay the cost of supervision; (4) live without violating the law by engaging in battery and petit theft; (5) follow the instructions of his probation officer; (6) pay drug testing fees; (7) maintain full-time employment; (8) complete an anger management program; and (9) undergo a sexual offender evaluation. Regarding the last allegation, the operative affidavit stated, in relevant part:

> [B]y failing to undergo a sex offender evaluation, at his own expense, by a qualified practitioner and as grounds for belief that the offender violated his probation, Officer Morris Taylor states that on February 19, 2020, the offender was instructed by Officer Edele White to attend the evaluation at Alliance Psychological Service, and the offender failed to attend the evaluation as directed.

The parties proceeded to a violation hearing. At the hearing, Facen contended he did not have the funds to pay for services. The trial court found Facen in violation of his probation. In doing so, the court found he failed to: (1) report; (2) file a monthly report; (3) follow the instructions of his probation officer; (4) maintain full-time employment; (5) complete an anger management program; and (6) undergo a sexual offender evaluation. The

3

court revoked probation and sentenced Facen to six years in prison as a youthful offender. This appeal ensued.

**STANDARD OF REVIEW**

In reviewing a probation revocation, we first assess whether the finding by the trial court of "a willful and substantial violation is supported by competent substantial evidence." Savage v. State, 120 So. 3d 619, 621 (Fla. 2d DCA 2013). If our examination yields competent, substantial evidence, the "standard of review for the trial court's decision to revoke probation is abuse of discretion." Id. at 623.

**ANALYSIS**

Trial courts enjoy broad discretion in probation revocation proceedings. Russell v. State, 982 So. 2d 642, 646 (Fla. 2008). Nonetheless, it is axiomatic that "probation cannot be revoked for violating a special condition that was not imposed by the court." Schlup v. State, 772 So. 2d 628, 629 (Fla. 1st DCA 2000); see Ramirez v. State, 4 So. 3d 752, 753 (Fla. 2d DCA 2009) ("[B]ecause the requirement of providing his own interpreter was not a court-imposed condition of probation, [Defendant] should not have been found in violation of condition 10 and his probation could not be revoked on that basis."); Miller v. State, 958 So. 2d 981, 984–85 (Fla. 2d DCA 2007) ("[A]n instruction that essentially imposes a new condition of probation is not

4

a routine supervisory direction and cannot support a finding that the probationer is in violation."); <u>Hutchinson v. State</u>, 428 So. 2d 739, 740 (Fla. 2d DCA 1983) (finding "probation officer's directive that appellant report to a rehabilitation program for therapy was not encompassed by condition (8) requiring the probationer to comply with all instructions given by his officer"); <u>Haynes v. State</u>, 440 So. 2d 661, 662 (Fla. 1st DCA 1983) (concluding probation officer's instruction to not visit victim's house "was not a routine supervisory direction but essentially amounted to a new condition of probation which a probation officer is without authority to prescribe"); <u>Morales v. State</u>, 518 So. 2d 964, 964 (Fla. 3d DCA 1988) (striking part of probation revocation order when condition violated was imposed by probation officer only). "This principle applies even where the probationer fails to object to an alleged improper violation below because a revocation under such circumstances constitutes fundamental error." <u>Herrera v. State</u>, 286 So. 3d 867, 871 (Fla. 2d DCA 2019).

In determining whether a condition has been properly imposed by the court so as to support a revocation, Florida courts have distinguished between "new, special" conditions imposed unilaterally by a probation officer and those that fall within the ambit of an existing court directive. The former conditions have been deemed unenforceable. Failure to comply with the

latter, of course, justifies revocation.  See Odom v. State, 15 So. 3d 672, 681 (Fla. 1st DCA 2009) (differentiating between "new, special" conditions imposed by probation supervisor and those imposed by the sentencing court); Waldon v. State, 670 So. 2d 1155, 1157–58 (Fla. 4th DCA 1996) (explaining difference between treatment recommended by evaluator and that ordered unilaterally by probation officer).

Distinguishing between these two scenarios proves, on occasion, to be a difficult task.  In this vein, in Sears v. State, 801 So. 2d 1018 (Fla. 4th DCA 2001), the Fourth District Court of Appeal considered whether a requirement to seek sexual offender treatment constituted an impermissible probationary enhancement.

There, the probationer agreed to a court-imposed mental health evaluation and treatment directive.  Id. at 1019.  He was evaluated, and the administering professional recommended sexual offender counseling.  Id. at 1019–20.   The court concluded that the mental health requirement encompassed the sexual offender counseling.  Id. at 1020.  The court reasoned the probationer understood he needed to complete all recommended therapeutic treatment, and that condition was explained "on the day he entered his plea [and] he fully understood that this provision was a[n] element of his probation when he entered his plea."  Id.

6

The facts in this case are on all fours with Sears. Here, the documents adduced by the State established that Facen agreed to submit to a mental health evaluation and complete any recommended treatment. He was orally informed of the condition and the terms appeared on the face of the probationary paperwork. The record further reflects that after Facen completed his initial mental health screening, an evaluator determined he was a candidate for sexual offender treatment. Facen was similarly informed of this specific treatment requirement, yet he failed to undergo an evaluation.

Drawing on the logic employed by our sister court in Sears, we conclude that the sexual offender evaluation fell within the purview of mental health treatment and did not constitute a "new, special" condition imposed by the probation officer. Accordingly, we affirm the revocation but, upon the State's commendable partial confession of error, along with our own independent review of the record, we remand with instructions for the trial court to correct the written order to conform with the oral pronouncement of sentence. See Hernandez v. State, 254 So. 3d 1091, 1092 (Fla. 3d DCA 2018).

Affirmed in part and remanded with instructions.

7