# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2024.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-633
Lower Tribunal No. F19-1224

————————————

**Lazaro Oyanse Valdes,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ramiro C. Areces, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before SCALES, MILLER and GORDO, JJ.

GORDO, J.

**ON CONFESSION OF ERROR**

Lazaro Oyanse Valdes ("Valdes") appeals a final order of revocation of community control. We have jurisdiction. Fla. R. App. P. 9.140(b)(1)(D). Based on the State's appropriate confession of error and our own independent review of the record, we reverse and remand with instructions that the written order of revocation be corrected to conform to the trial court's oral pronouncement without inclusion of the uncharged violations.

The affidavit of violation of probation, as amended, alleged that Valdes committed three new law violations: armed carjacking, grand theft of a vehicle in the third degree and resisting an officer without violence. At the revocation hearing, Valdes contested whether the carjacking was "armed." After argument, the trial court revoked Valdes' probation. In orally pronouncing its findings, the trial court stated that Valdes violated his probation by committing three criminal offenses: carjacking, grand theft of a vehicle in the third degree and resisting an officer without violence. The written order of revocation, however, specified that Valdes violated condition (1) by failing to undergo a mental health evaluation; condition (1) by failing to successfully complete or remain in drug/alcohol treatment; condition (2) by failing to make restitution payments; condition (4) by possessing, carrying, or owning any weapon or firearm; condition (15) by failing to report to the community control officer; condition (16) by failing to remain confined to his

2

approved residence; and condition (19) by failing to submit to electronic monitoring (three times). It also stated that Valdes violated condition (5) by being arrested for the criminal offense of armed carjacking.

The State commendably concedes that the trial court's written order of revocation does not conform to the trial court's oral pronouncement as it includes uncharged violations and reflects that Valdes committed an armed carjacking rather than a carjacking. Valdes does not contest the sufficiency of evidence for the trial court's findings of the three new law violations. Because the order of revocation suggests that Valdes committed violations which were not addressed in the court's factual findings, we reverse and remand for the entry of an order consistent with the court's oral pronouncement. See Jackson v. State, 369 So. 3d 746, 748 (Fla. 3d DCA 2023) ("Revocation of probation based on an uncharged violation deprives the defendant of due process and constitutes fundamental error." (quoting Cohen v. State, 171 So. 3d 179, 181 (Fla. 3d DCA 2015))); Laffitte v. State, 16 So. 3d 315, 316 (Fla. 3d DCA 2009) ("A written order of probation revocation must conform to the court's oral pronouncement at a defendant's probation revocation hearing." (quoting Salvatierra v. State, 691 So. 2d 32, 32 (Fla. 3d DCA 1997))); Miller v. State, 328 So. 3d 1115, 1116 (Fla. 2d DCA 2021) ("Where the trial court's oral pronouncement and written revocation

3

order conflict, the written revocation order must be corrected to comport with the oral pronouncement."); <u>Musser v. State</u>, 108 So. 3d 670, 671 (Fla. 2d DCA 2013) ("[B]ecause the order of revocation suggests that [Appellant] committed violations which were not addressed in the court's factual findings, we reverse and remand for the entry of an order consistent with the court's oral pronouncement.").

Reversed and remanded with instructions.